[No. 67.   Decided March 5, 1891.]

RICHARD ANDERSON v. THE STATE OF WASHINGTON.

CRIMINAL LAW — SEPARATION OF JURY — MOTION FOR NEW
TRIAL — RECORD ON APPEAL.

Under Laws 1885-6, p. 70, § 1, subd. 7, affidavits in support of a
motion for a new trial are part of the record, and will be considered
on appeal without any statement of facts or bill of exceptions being
settled.

The separation of the jury in capital cases, after the case is finally
submitted to them and before rendering their verdict, is error,
though the verdict may have been signed and sealed before separa-
tion, and defendant's counsel may have consented thereto; the pro-
visions of § 1089, Code 1881, only authorize the separation of juries
during the progress of the trial.

*Appeal from Superior Court, Kittitas County.*

The facts are fully stated in the opinion.

*Pruyn & Ready,* for appellant.

*W. C. Jones,* Attorney-General, for The State.

The separating of the jury after finding a sealed verdict
was not such misconduct as entitles the defendant to a new
trial.   *People v. Kelly,* 46 Cal. 357; *Commonwealth v. Car-*
*rington,* 116 Mass. 37; *State v. Mix,* 15 Mo. 153; *Quinn*
*v. State,* 14 Ind. 589; *State v. McMahon,* 17 Nev. 369;
*Anon.* 63 Me. 590.

The opinion of the court was delivered by

SCOTT, J. — Defendant was convicted of murder in the
first degree and is under sentence of death.   Only one
question is presented by the record.   The case was given
to the jury in the afternoon of March 25, 1890.   It ap-
pears by affidavits in support of a motion for a new trial
that the jury agreed upon their verdict some time during
the night, and the same was signed, sealed up, and de-

livered to their foreman, and thereupon the jurors left the jury-room, separated, and went around the town for several hours, and did not re-assemble until court convened on the morning of the 26th, when the verdict was returned. The defendant's attorney consented that a sealed verdict might be rendered.

The state contends that the affidavits in support of the motion for a new trial are no part of the record, and, as no statement of facts or bill of exceptions was settled, that the question is not raised, and, if otherwise, that the point was waived by the consent to a sealed verdict, and that it was not error. Section 1, subd. 7 of the act commencing at page 7, Sess. Laws 1885–86, makes such affidavits a part of the record, and this act had not been repealed when this appeal was taken.

No precedent has been shown us, nor do we know of any, for allowing a sealed verdict in a capital case. We have no statute authorizing sealed verdicts, and such a separation of the jury was not authorized, at least according to the better authorities, at common law. See Thomp. Trials, §§ 2551, 2552, and authorities there cited. It was conceded that, while the rule that the separation of the jury in a criminal case prior to the receipt of its verdict by the court was a misconduct which would entitle the defendant to a new trial was a good one when made, and could not be disregarded at that time without great danger of seriously prejudicing the substantial rights of the defendant, as then the jury could not render a written verdict in a criminal case, but must render it *ore tenus,* and that, under such a provision of law, if a jury were permitted to separate prior to the rendering of the verdict, they might be subjected to influences dangerous to society and subversive of the rights of the defendant; yet it was argued with considerable force that the reasons therefor no longer apply, as our statute requires written verdicts, and that, when the verdict is once

written and agreed upon by the jury, and placed in the hands of the foreman or other proper officer, there then remains no reason why the jury should be kept together. But on the whole we think such a separation of the jury, especially in a capital case, is a dangerous practice, and one we would not care to sanction, even though we felt at liberty to lay down a different rule from that heretofore recognized. There is no necessity therefor, nor any very good reason why such a practice should be adopted, at least in cases of the very gravest importance; and we think this was a matter that defendant could not waive. Code, § 1089, only authorizes the separation of the jury doing the progress of the trial before the cause is finally submitted to them. It is not expressly so limited by its language, but the fact that there is no law authorizing a sealed verdict in capital cases requires it to be so interpreted. Reversed and remanded for a new trial.

ANDERS, C. J., and DUNBAR, STILES, and HOYT, JJ., concur.