[No. 2756.  Decided October 19, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ROGAN, *Appellant*.

SEDUCTION — SUFFICIENCY OF INFORMATION — CRIMINAL LAW — ERRORS FIRST RAISED ON APPEAL — SEPARATION OF JURY AFTER RETURN OF SEALED VERDICT.

An information alleging that the defendant at a certain time and place, " did then and there unlawfully, wilfully and feloniously by persuasions, promises of marriage and other false and fraudulent means, seduce, have sexual intercourse with and de-

bauch ————, an unmarried woman of previously chaste character," etc., sufficiently charges the crime of seduction.

The objections that an information does not substantially conform to the requirements of the code, and that it charges more than one crime in more than one form, cannot be raised for the first time on appeal.

Under the statutes of this state, a jury in a criminal case is not authorized, after agreeing upon a verdict, to seal same and separate, even with the consent of both the state and the defendant.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

The information upon which defendant was arraigned was as follows:

"J. W. Feighan, prosecuting attorney in and for the county of Spokane and state of Washington, comes here into court and, in the name and by the authority of the state of Washington, gives the court to understand and be informed that the said defendant, James Rogan, is hereby charged with the crime of seduction, committed as follows, to-wit: That on the 30th day of April, A. D. 1895, at the county of Spokane and state of Washington, James Rogan, then and there being, did then and there unlawfully, wilfully and feloniously, by persuasions, promises of marriage and other false and fraudulent means, seduce, have sexual intercourse with and debauch Mary Huber, an unmarried woman of previously chaste character, contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Washington."

Defendant appeals from a judgment of conviction.

*James E. Fenton* and *James L. Crotty*, for appellant.

*John A. Pierce*, Prosecuting Attorney, *E. Fitzgerald*, and *Harris Baldwin*, for The State.

The opinion of the court was delivered by

REAVIS, J.—Appellant appeals from a conviction of seduction. There is no statement of facts certified in the case. The motion of. respondent to strike the papers purporting to contain the statement of facts is sustained.

Appellant for the first time in the case here challenges the sufficiency of the information and contends that it does not state a crime. We think the facts stated in the information are sufficient to constitute the crime of seduction. The other two grounds of objection made by appellant here, that the information does not substantially conform to the requirements of the code, and that it charges more than one crime in more than one form, cannot be raised for the first time in this court.

But a more serious question is raised upon the transcript properly before us, which shows that after the conclusion of the trial, and when the cause had been submitted to the jury, they were, by the court, upon the consent of both the state and the defendant, directed when they had arrived at a conclusion to seal their verdict and that thereafter they might separate and return into court with the sealed verdict. The history of jury trials evinces the care and strict guard that have always been thrown around the jury during the progress of trials in criminal cases, and this is founded upon the gravest considerations of the rights of parties to the trial. It is to guard against any extraneous influence going into the jury box. Our statute (§ 359, Vol. 2, Hill's Code, Bal. Code, § 4999), permits the separation of jurors before final submission of the cause to them. But even then the statute declares this separation to be "in the discretion of the court," and perhaps not infrequently the nature of the trial, its public interest, or other sound reasons would appeal to the trial court and a separa-

tion would not be permitted upon the consent of both parties, pending the trial.

We have no statute in this state authorizing the jury to separate after the final submission of a criminal case to their consideration. Section 1311, Vol. 2, Hill's Code (Bal. Code, § 6947), provides:

"Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, but shall be kept together without meat or drink, unless otherwise ordered by the court."

Section 1324, same volume (Bal. Code, § 6960), declares:

"When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge."

We think the statute authorizing separation in criminal trials confines the separation to the period of the trial. This was the construction of these statutes given by the court in *Anderson v. State*, 2 Wash. 183 (26 Pac. 267). That was a capital case and defendant's counsel had consented to a sealed verdict, and the verdict was signed, sealed and delivered to the foreman before separation. The court there held that we have no statute authorizing sealed verdicts in criminal cases.

For this error the cause is reversed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.