[No. 2765. Decided March 8, 1898.]

## THE STATE OF WASHINGTON, *Respondent*, v. JOHN MASON *et al.*, *Appellants*.

CRIMINAL LAW — JOINT DEFENDANTS — RIGHT TO SEPARATE TRIAL — SEPARATION OF JURY.

Under Code Proc., § 1313 (Bal. Code, § 6949), which provides that "when two or more defendants are indicted or informed against jointly, any defendant requiring it shall be tried separately," a defendant is entitled as of right to a severance up to the assignment of the cause for trial, from which time until the jury is sworn to try the cause the matter of granting a severance is within the discretion of the court. (ANDERS, J., dissents.)

It is reversible error for a jury in a criminal case to agree upon and deliver a sealed verdict to their foreman and then separate prior to coming into court to return their verdict, even though such action is pursuant to an agreement between the prosecution and defense and by direction of the court.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Reversed.

*Willis H. Merriam*, and *John L. Crotty*, for appellants.

*John A. Pierce*, Prosecuting Attorney, and *Harris Baldwin*, for The State:

Upon the point that the defendant's failure to demand a separate trial before the impaneling of the jury constituted a waiver of his right, counsel cite *People v. Alviso*, 55 Cal. 230; *Willeys v. State*, 22 Tex. App. 413.

The opinion of the court was delivered by

REAVIS, J.—The appellants were jointly convicted in the superior court of Spokane county of the crime of burglary, and have appealed from the judgment entered upon the verdict of the jury. After the jury was called and the ju-

rors sworn to answer touching their qualifications to try the case, the defendants demanded that they be given separate trials. The court denied the application for separate trials on the ground that the demand came too late. Section 1313, 2 Hill's Code (Bal. Code, § 6949), provides:

" When two or more defendants are indicted or informed against jointly, any defendant requiring it shall be tried separately."

The right to a separate trial is a valuable one, and this section of the penal code confers it upon a defendant. It does not specify when the demand shall be deemed waived. We think this right to a separate trial belongs to the defendant, and he may avail himself of the right at the time the cause is assigned for trial. A severance of trial afterwards is in the discretion of the court until the jury is sworn to try the cause, subsequently to which time a several trial can not be granted.

We do not think the objection to the information well taken, and we do not deem it necessary to review here the instructions given by the court. But it appears from the bill of exceptions that, by consent of the defendant and prosecuting attorney and direction of the court, the jury came to a conclusion and gave a sealed verdict to their foreman, and then separated for several hours and came into court to return their sealed verdict. This was reversible error. See *State v. Rogan*, 18 Wash. 43 (50 Pac. 582).

Reversed.

SCOTT, C. J., and GORDON and DUNBAR, JJ., concur.

ANDERS, J.—While I concur in the conclusion that the judgment of the court below must be reversed for the error indicated in the foregoing opinion, it seems to me that, under the statute quoted, the trial court has no discretionary power to deny the request for a separate trial at any time before the jury is impaneled to try the cause. A de-

fendant may not know at the time his case is set for trial that it will be to his interest to have a separate trial, and to require him to make his election at that time might result in depriving him entirely of the benefit of the statute.