[Hudson et al. v. The State.]

# Hudson *et al. v.* The State.

## Indictment for Robbery.

1. *Severance in criminal case; when demand therefor is made too late.*—Under the rule of practice in circuit and inferior courts, (Code, p. 1200, rule 32), persons jointly indicted for a capital offense are not entitled to a severance as a matter of right, when a demand for such severance is not made until after arraignment and plea and after a day has been set for the trial and an order has been made for the summoning of a special venire for the trial of the cause.

2. *Same; when within the discretion of trial court.*—Where five persons are jointly indicted for robbery and a severance is granted to three of them so that they might be tried together but apart from the other two, a request for a further severance as between said three defendants, asked on the day of trial, comes too late, and after the State has announced ready, is a matter of discretion with the trial judge, and his refusal to grant such severance is not revisable.

3. *Peremptory challenges in capital cases in Jefferson county.*—Under the act amending an act "to expedite the trial of capital cases in Jefferson county," regulating the number of peremptory challenges in capital cases, (Acts of 1890-91, p. 561), where two or more defendants are jointly on trial for capital offenses, each of them is entitled to five peremptory challenges and no more.

4. *Evidence: when objection comes too late.*—An objection to testimony must be addressed to the question calling therefor when propounded, and if the objection is not interposed until after answer is made, which is responsive to the question, the objection comes too late and is properly overruled.

5. *Examination of witness; robbery; admissibility of evidence.*—On a trial under an indictment for robbery, where the party alleged to have been robbed testified, on his direct examination, to the exact amount of money of which he had been robbed, further testifying that the money was taken from his person and also from his cash drawer in his presence, the further statement of such witness on his cross-examination that he could not state the exact amount of money taken from his cash drawer, but he learned it from an examination of his

[Hudson *et al.* v. The State.]

sale book, is not subject to objection on the ground that the book was the best evidence of the amount taken.

6. *Witness; whole conversation admissible when part has been proved.*—Where, on the cross-examination by the defendant in a criminal case of a witness for the State, part of a conversation is called for and proved, it is permissible for the State upon the examination of said witness in rebuttal, to call for the whole of such conversation, or for everything that was said by the witness at the time.

7. *Trial and its incidents; not error for the court to refuse to allow attorney to have private talk with witness before examination* On a trial of a criminal case, as to whether or not the defendant's counsel should be permitted to speak privately to a witness about to be examined before he proceeds with such examination, is a matter within the discretion of the trial court, and in the absence of a showing that there was an abuse of such discretion by the court, the refusal of the court to grant the request can not be reviewed on appeal.

8. *Admissibility of testimony of accomplice.*—Where several persons are jointly indicted and jointly tried for a felony, and there is evidence introduced *prima facie* sufficient to establish the existence of a conspiracy between all of the defendants to commit the crime charged, it is competent for one of the defendants upon being examined as a witness, to testify to facts and circumstances connected with the commission of the felony charged, showing the connection of himself and the other defendants with the commission of the said offense.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. DANIEL A. GREENE.

The appellants in this case, Will Hudson, Abe Williams and Will Jones, were jointly indicted with two other defendants, John E. Bryant and Robert Lee, for robbery of one John B. Messer, were convicted of the offense charged and sentenced to be hanged. The facts of the case relating to the rulings reviewed on the present appeal, are sufficiently set forth in the opinion.

Upon the introduction of all the evidence the defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that the declaration of Abe Williams, that Will Hudson said to Will Jones, 'Do him like we did the officer,' this declaration is excluded from

your consideration so far as it affects the guilt or innocence of defendants Hudson and Jones." (2.) "I charge you gentlemen of the jury to exclude as evidence the declaration of Abe Williams so far as it may affect the guilt or innocence of Will Hudson and Will Jones, unless said declaration is corroborated by evidence sufficient to warrant the conviction of defendants Jones and Hudson beyond a reasonable doubt."

ROBERT L. LEATHERWOOD, for appellants.—The court erred in not allowing the defendants a severance at the time asked.—Code, p. 1200, Rule 32; Constitution, Art. I, § 10.

The testimony of Williams, a co-defendant of the other defendant, was inadmissible.—*Henderson v. State,* 70 Ala. 23; *Marler v. State,* 67 Ala. 55.

MASSEY WILSON, Attorney-General, for the State. The trial court did not err in refusing the request for a severance. Having granted one severance any further indulgence in that direction was discretionary with the presiding judge.—*Malachi v. State,* 89 Ala. 134; *Givens v. State,* 109 Ala. 39; Code, p. 1200, Rule 32.

The ruling of the court restricting the defendant Williams to five peremptory challenges was correct.—Acts, 1890-91, p. 561; *Malachi v. State,* 89 Ala. 134, 139.

The court properly overruled the defendant's objection to the testimony of the witness Messer. The objection came too late. It should have been interposed when the question was asked.—*Downey v. State,* 115 Ala. 108; 8 Encyc. Pl. & Pr. 245.

The testimony of Abe Williams, one of the defendants, as to the facts and circumstances of the commission of the offense was admissible. The defendant on cross examination of the witness Messer called for a part of a conversation at the police headquarters shortly after the robbery; it was then competent for the State to draw out anything else that was said on that occasion which had not already been testified to.—*Davis v. State,* 92 Ala. 20; *Williams v. State,* 103 Ala. 33.

There had been introduced direct and circumstantial

evidence establishing the conspiracy between the defendants, and the testimony of the accomplice was properly admitted.—*Hunter v. State*, 112 Ala. 77; *Malachi v. State*, 89 Ala. 134.

HARALSON, J.—1. The defendants, Hudson, Williams and Jones, were jointly indicted with two others, Bryant and Lee, for robbery. On their arraignment in court, on the 9th of January, 1903, the two latter moved the court to grant them a severance of trial from the other defendants, which motion the court granted and ordered them to be tried separately from the others. The other defendants, Hudson, Williams and Jones, did not move for a severance, but upon being duly arraigned, each pleaded not guilty to the indictment, and the 21st of January, 1903, was set for their joint trial. On that day, the State having announced ready, these defendants demanded a severance. The bill of exceptions recites: "The court having ascertained that all of said defendants were duly arraigned in open court on January 9th, 1903, though they had not employed nor were represented by counsel at the time, and each of said defendants pleaded not guilty, and made no demand for a severance at that time, nor at any subsequent time to the present time, the court refused to grant the severance of said (defendants) * * * and to this action of the court, the defendants excepted." In this ruling there was no error. Any further severance after the first, was a matter of discretion with the court.—Rule 32, p. 1200 of Code; *Given v. State*, 109 Ala. 39; *Malachi v. State*, 89 Ala. 134.

2. The defendant, Abe Williams, after he had exhausted his five peremptory challenges, offered to challenge another, claiming that he was entitled to more than five challenges. When two or more defendants are tried together, each is entitled, under the statute for Jefferson county, to five peremptory challenges and no more.—Acts, 1890-91, p. 561; *Malachi v. State, supra.*

3. John B. Messer, the party alleged to have been robbed, examined as a witness by the State, testified that on Friday night, January 2d, 1903, he was robbed of certain personal property such as is described in the indictment. This statement was made in answer to a question

by the solicitor, asking him "Whether or not he had ever been robbed?" No objection was made to the question when asked, but after the witness had answered it, the defendant objected on the ground that the answer was a conclusion of the witness, and moved to exclude it, which the court declined to do. The objection, if good at all, came too late. It should have been made when the question was asked.—*Downey v. State*, 115 Ala. 108.

4. This witness had testified on his direct examination to the exact amount of money of which he had been robbed,—of money taken from his person and from his cash drawer in his presence. On the cross by defendant, he stated that he could not state the exact amount of money taken from the cash drawer, but gathered it in a general way from the sales book. The defendant objected on the ground that the books were the best evidence of the amount taken. The objection on this ground was not available.

5. The witness on his cross, was asked by defendant, what report he made to the police office, and what description he gave of the man who asked for the handkerchief, which he proposed to buy from the witness, when he came into his store. He answered that he reported the robbery, and described the man who first came into the store, as one having a silk faced coat. On rebuttal, the solicitor asked the witness, to state all the conversation had at the police office, called for by defendant, and what other description he gave than that asked for by defendant, and for all the conversation asked for by defendant. The defendant interposed a general objection to this evidence, which was overruled, and the witness was allowed to answer. The defendant having called for a part of the conversation had by the witness with the police officers, the court committed no error in allowing the State to call for all that was said by the witness at the time.—*Davis v. State*, 92 Ala. 20.

6. As Alice Ware, a witness for defendants, was getting in the witness chair, defendant's counsel for Hudson and Jones stated that he had not had an opportunity to talk to the witness, and asked to be allowed to speak to her privately before examining her, but the court de-

clined to allow him to do so. This was a matter within the discretion of the court, and there does not appear to have been any abuse of its discretion.

7.   Abe Williams, one of the defendants, testifying in his own behalf, stated that he, Will Jones and Will Hudson all participated in the robbery, and that the statement of Mr. Messer, as to how the robbery occurred was correct; that these two defendants came to his house on Friday night, about 6 :30 o'clock, and asked him to come to their house that night, and they would go hunting; that he went there, and they had pistols and guns; that they went towards Avondale and stopped, and Will Hudson said he was going to have some money, and handed witness a gun and fifty cents, and told him to go to Messer's store and get a handkerchief and find out where the cash drawer was; that witness said, "No, he would not," but they said, they would kill him, and Hudson said to Jones, "Do him like we did the officer," and that through fear, he went in and did as Mr. Messer had testified; that witness had the big pistol, Hudson the smaller one, and Jones the gun,—such as the evidence showed they had. The other defendants, Hudson and Jones, interposed no objection to this testimony of Williams as it was called out.

At this point, both sides announced that the evidence had closed, and the court adjourned until the following morning, and all the witnesses were discharged from further attendance upon the court, with the privilege of allowing the defendants to introduce testimony next morning on one point,—as to the length of time it would take a freight train to go from Mobile to Birmingham. On the following morning, the court allowed evidence on this point. Following this, the defendants, Hudson and Jones, objected to all the testimony of Williams, given the evening before, on grounds, "that the declarations of a co-conspirator to charge his fellows must be concomitant with the principal act and so connected with it as to constitute a part of the *res gestae;*" and that, "a co-conspirator cannot be convicted upon the testimony of an accomplice unless such evidence is corroborated by the evidence tending to connect him with the principal offense; and

[Hill v. The State.]

that the corroboration is not sufficient, if it merely shows that the offense was committed and the circumstances thereof," which objections were overruled. They also objected to the testimony of said witness,—"that Hudson said to Jones, 'Do him like we did the officer'," on the ground that it sought to connect them with an offense for which they were not on trial, which objection was also overruled; the said defendants reserving an exception to each of these rulings.

There had been introduced direct and circumstantial evidence *prima facie* sufficient to establish the existence of a conspiracy between the defendants to commit the crime, in which case the evidence of the witness, Williams, as for this objection, was properly allowed.—*Hunter v. State,* 112 Ala. 77; *Malachi v. State,* 89 Ala. 134. What the witness testified to, were not his declarations to a third person, sought to be introduced as to the commission of the offense, but was his testimony to that effect, delivered on the stand of his own motion, and without objection on the part of his co-defendants.

From what has been said, it will appear that the two charges requested by defendant were properly refused.

Affirmed.