# Austin *et al. v.* The State.

## *Indictment for Murder.*

1. *Trial and its incidents; when demand for severance comes too late.*—Under the rule of practice adopted June 21, 1889, (Code, p. 1200, Rule 32), persons jointly indicted for a capital offense are not entitled to a severance as a matter of right, when a demand for such severance is not made until after arraignment and plea and upon the day the case is called for trial; and the fact that the defendants did not employ counsel until after their arraignment, does not affect the rule, when it is shown that at the time of the arraignment counsel was appointed by the court to represent them, and upon his advice they then pleaded not guilty, and that after the employment of counsel for defendant, he did not ask for a severance until the day of the trial.

2. *General affirmative charge in criminal case.*—When on the trial of a criminal case there is introduced evidence from which the jury might infer that the defendants were guilty of the offense charged, the general affirmative charge in favor of the defendants is properly refused.

[Austin *et al.* v. The State.]

APPEAL from the City Court of Montgomery.
Tried before the Hon. WILLIAM H. THOMAS.

The appellants in this case, Mamie Austin and Lula Austin, were indicted, tried and convicted for murder in the killing of an infant child, and were sentenced to the penitentiary for life. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (5.) "If you believe all the evidence, you must find the defendants not guilty." (6.) "If you believe all the evidence, you must find the defendant Mamie Austin not guilty." (7.) "If you believe all the evidence, you must find the defendant Lula Austin not guilty."

JOSEPH CALLOWAY, for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Givens v. State,* 109 Ala. 39.

HARALSON, J.—The defendants were jointly indicted and convicted for the murder of an infant child. On the 21st of February, 1903, they were duly arraigned, charged upon the indictment and pleaded not guilty thereto. The 9th of April, following, was set for the trial of the cause. A jury of 100, including the regular jurors summoned for the week in which the cause was set for trial, was ordered, and the names of the special jurors allowed were duly drawn from the jury box, and a list of them and those summoned for the week was ordered to be served on each of the defendants, together with a copy of the indictment, which order appears to have been duly executed. Before arraignment and plea,—the defendants not being represented by counsel,—the court appointed a member of the bar to represent them, upon whose advice and instructions, defendant plead 'd not guilty. Sometime before the day set for trial, counsel, as is made to appear, was employed by defendants, but he did not ask for a severance at that time, nor until

[Parrish v. The State.]

the day of the trial, and after the State had announced ready. The motion for severance thus made, was not improperly overruled.—*Givens v. The State*, 109 Ala. 39; *Hudson v. The State*, 137 Ala. 60.

There was proof tending to show, and from which the jury might have inferred and found, that the child found in the well, was the child of defendant, Mamie Austin, and, also, that each of the defendants participated in its destruction.

The charges requested by defendants, numbered 5, 6, and 7, were properly refused.

No error appearing, the judgment of the lower court is affirmed.