[No. 5758. Decided December 18, 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN BUSH
et al., *Appellants.*[1]

APPEAL—RECORD—REVIEW. Error in rulings on motions for a continuance and new trial in a criminal case, or discretionary matters on sentence, cannot be reviewed on appeal in the absence of a bill of exceptions or statement of facts.

CRIMINAL LAW—APPEAL—REVIEW—WAIVER OF ERROR. Error cannot be assigned on the failure to appoint counsel for accused upon their arraignment, where they were then informed of their right to counsel and stated that they did not desire any.

CRIMINAL LAW—SEPARATE TRIALS—DEMAND—WAIVER. After the jury has been called, it is too late to demand, as a matter of right, separate trials of defendants jointly charged.

CRIMINAL LAW—PUNISHMENT—THIRD CONVICTION. Under Laws 1903, p. 126, § 3, one who is charged and found guilty of having been twice before convicted of felonies and sentenced therefor, must on the third conviction, be punished by life imprisonment.

Appeal from judgments of the superior court for King county, Griffin, J., entered March 11, and March 25, 1905, upon the trial and conviction of the defendants, jointly, of the crime of robbery. Affirmed.

*Casey & Casey*, for appellants.

*Kenneth Mackintosh* and *John F. Miller*, for respondent.

MOUNT, C. J.—Appellants were convicted upon an information charging them jointly with the crime of robbery. Both have appealed, each filing separate briefs upon the appeal. Appellant Bush alleges errors as follows:

"(1) The court erred in failing to advise defendant of his rights, and in particular his right to have counsel, and in failing to appoint counsel to represent him, or at the time he was arraigned. (2) The court erred in refusing the defendant John Bush a separate trial. (3) The court erred in rendering its judgment and sentencing the defendant John Bush to ten years in the state penitentiary at hard labor."

[1] Reported in 82 Pac. 1024.

Appellant LeRoy alleges the first two errors the same as appellant Bush, as stated above, and in addition thereto that the court erred in refusing a continuance of the trial, and denying his motion for a new trial, and in sentencing him to life imprisonment.

There is no statement of facts in the case. The whole record brought here upon this appeal consists of copies of the information, judgments, and journal entries of the clerk made in the progress of the case. There is nothing, therefore, upon which we may review the rulings of the lower court, upon the assignments of error relating to the continuance of the trial, or to the motion for a new trial, or the sentence of either of the appellants, except as hereinafter stated, because these questions depend upon the facts and rest somewhat in the discretion of the trial court. The record before us shows that, at the time the defendants were arraigned upon the charge of robbery, they were informed of their right to have counsel, and they both stated that they did not desire the court to appoint counsel for them. There is, therefore, no merit in the first assignment of error.

The record also shows that, at the time the defendants entered their pleas of not guilty and when the case was set down for trial, which was more than two weeks after the arraignment, no demand was made for separate trials, and that such demand was not made until after the jury had been called into the box to try the case. It was too late at that time to demand separate trials as a matter of right. In *State v. Mason,* 19 Wash. 94, 52 Pac. 525, in construing Bal. Code, § 6949, relating to separate trials, this court said:

"The right to a separate trial is a valuable one, and this section of the penal code confers it upon a defendant. It does not specify when the demand shall be deemed waived. We think this right to a separate trial belongs to the defendant, and he may avail himself of the right at the time the cause is assigned for trial. A severance of trial afterwards is in the discretion of the court until the jury is sworn

to try the cause, subsequently to which time a several trial cannot be granted."

The appellant LeRoy is charged in the information with having twice before been convicted of felonies and sentenced therefor, and the jury so found by their verdict. It was the duty of the court, therefore, to sentence him to the penitentiary for life, under § 3, Laws 1903, page 126. Appellant does not attack the facts, or the validity of the statute. His only comment upon this point is:

"The defendant is charged with the crime of robbery. Bal. Code, § 7103, provides a penalty for robbery, of from one to twenty years, *not more than twenty years*. The defendant gets a sentence for life. No comment or argument is necessary."

We find no merit in the appeal, and the judgments appealed from are therefore affirmed.

CROW, DUNBAR, RUDKIN, FULLERTON, HADLEY, and ROOT, JJ., concur.