THE STATE OF KANSAS, *Appellee*, v. THOMAS MADDEN, THOMAS REDMAN, EDWARD HAROLD AND FRED BOYD, *Appellants.*

No. 18,343.

### SYLLABUS BY THE COURT.

SEPARATE TRIAL—*Demand Therefor After Trial Begun—Judicial Discretion.* Four defendants jointly charged with felony were with their counsel present in court when their case was called. The state announced itself ready for trial, when the defendants interposed a motion for continuance supported by the affidavits of each. After the latter were read the court suggested that as to one of the defendants no diligence was shown, but that the others had raised a question which would probably be for the jury. The state put upon the stand a witness and examined him orally and agreed that the affidavits of the three might be used as depositions of the witnesses named therein. A jury was then called and sworn to answer questions, whereupon the county attorney stated briefly the nature of the case. At this point one of the counsel for the defendants, who had been out of the room to use a telephone, demanded a separate trial, which demand was refused as coming too late. *Held,* that the right to a separate trial (Crim. Code, § 218) is one that may be waived, and under the circumstances of this case at the time it was demanded severance became discretionary with the trial court and its refusal was not an abuse of such discretion.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed November 8, 1913. Affirmed.

*J. C. Milton, Charles B. Hudson,* both of Wichita, and *John S. Dean,* of Topeka, for the appellants.

*John S. Dawson,* attorney-general, *George McGill,* county attorney, *R. C. McCormick,* assistant county attorney, and *W. A. Blake,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendants appeal from a conviction of burglary with explosives. Numerous errors were assigned, and having examined the record and also the transcript, the evidence not being brought up, we find only one matter of sufficient importance to merit extended consideration. It is strongly urged that the trial court erred in refusing the defendants a severance which the statute (Crim. Code, § 218) provides may be had by any one defendant jointly charged with others with felony, when requiring it. The state asserts that the requirement or request came at a time when the right must be deemed to have been waived, or at least when the matter had become discretionary with the trial court.

An examination of the transcript shows that the defendants were arrested March 24, the information filed March 31, and the case called for trial April 21; that on April 18 the state filed notice that permission would be asked to indorse the names of certain witnesses on or before the time the case should be called for trial. On the 21st of April each of the defendants filed an affidavit for continuance. On the same day the transcript recites that the cause came regularly on for hearing, the defendants being present in person and by his attorneys; that the jurors being excused to the jury room the court asked if the state was ready, and received a reply in the affirmative. On inquiring if the defendants were ready the counsel replied, "I have a motion, Your Honor," and proceded to read the affidavits

47—90 KAN.

for continuance, which cover seven pages of the transcript. The motion for continuance as to Redman was overruled, and the county attorney desiring to offer evidence as to the others, a witness was put upon the stand whose testimony covers two pages of the transcript. After some discussion it was announced by the court that in the case of Redman no diligence was shown, but in the other cases there was some showing as to an alibi which would probably be a matter for the jury to pass upon. It was then agreed by the state that the affidavits of the three other defendants should be treated as depositions of the witnesses named therein. Thereupon the jury were called into the box and sworn to answer questions, and the county attorney stated the nature of the case, when the following occurred:

"DEFENDANTS' COUNSEL (MR. MILTON): If the court please, I want to except to the jury, and state that the defendants insist on a separate trial.

"BY THE COURT: You are too late.

"MR. MILTON FOR DEFENDANTS: I was gone to the phone, Your Honor.

"BY THE COURT: It was your business to be here.

"To which ruling of the court the defendants except."

The trial then proceeded and at no other time was the question raised. An objection to testimony, a motion to dismiss the jury at the close of the state's evidence, and a motion to discharge after the verdict made no mention of the refusal of a separate trial, neither was it referred to in the motion for a new trial.

The statute already referred to does not indicate at what time a separate trial is to be demanded by the defendants and the question has never been passed upon in this state. It was held in *State of Nevada v. McLane,* 15 Nev. 345, that the demand must be made before the formation of the jury is begun. In *McJunkins v. The State,* 10 Ind. 140, it was held that a separate trial can not be demanded as a matter of right after the jury have been sworn and evidence partly heard. In *Hullinger*

*and Hullinger v. The State,* 25 Ohio St. 441, a waiver was held to be implied when the parties proceed without objection to impanel a jury and exercise a right to challenge. In Alabama the application is required to be made before the state has announced itself ready for trial. (*Austin et al. v. The State,* 139 Ala. 14, 35 South. 389.) The Texas court of criminal appeals decided in *Crawford v. State,* (Tex. Crim. App. 1903) 74 S. W. 552, that a motion for severance comes too late when made after the jury have been impaneled and a plea of not guilty .entered. In *Miller et al. v. The State,* 130 Ala. 1, 30 South. 379, a rule of practice that the right to demand a severance shall be deemed waived unless claimed at the time of arraignment, or at least when the case is set for trial and an order is made to summon a jury, was held not to violate a statute similar to ours. To the same effect is *Hudson et al. v. The State,* 137 Ala. 60, 34 South. 854. The court of appeals of Kentucky decided in *Radley v. Commonwealth,* 28 Ky. Law Rep. 477, 89 S. W. 519, that the motion made after the swearing of the jury is too late. The supreme court of Oklahoma in *Nichols v. Territory of Oklahoma,* 3 Okla. 622, 41 Pac. 108, held that the request must be made before the trial begins, and that for this purpose it begins from the time the work of impaneling the jury begins. This decision (p. 625) cites *Hopt v. Utah,* 110 U. S. 574, which holds that for the purpose of the requirement that the defendant shall be personally present at the trial where the indictment is for a felony the trial commences at least from the time the work of impaneling the jury begins, which appears to have been approved in *Lewis v. United States,* 146 U. S. 370. In *State v. Bush,* 41 Wash. 13, 82 Pac. 1024, the record showed that when the defendants entered their pleas of not guilty and when the case was set down for trial, which was more than two weeks after arraignment, no demand for severance was made, and it was held that such demand made after the jury had been called into

the box was too late, citing *State v. Mason,* 19 Wash. 94, 52 Pac. 525. In *The State v. White,* 71 Kan. 356, 80 Pac. 589 a case involving the question of jeopardy, it was held that ordinarily former jeopardy must be pleaded in bar of further prosecution and such plea must be made upon arraignment and before pleading to the merits; that when about to be placed in jeopardy before a second jury it is the duty of the accused to make his election then, and failing to do so he must be held to have waived his right. Jeopardy was carefully considered in *The State v. Rook,* 61 Kan. 382, 59 Pac. 653, and was considered not to attach so as to entitle a defendant to plead a former acquittal or conviction unless he had been arraigned or waived arraignment and pleaded not guilty, or had such plea entered for him. The decision in *The State v. Hansford,* 76 Kan. 678, 92 Pac. 557, does not impair the force of the rule just referred to, and while the transcript here does not show when the arraignment or waiver thereof and pleas of not guilty where made, we must assume, as no question in respect thereof is raised, that it was before calling the jury into the box.

It is suggested that as the question of error in relation to severance was not raised on the motion for a new trial it can not be considered here; but without stopping to pass upon the correctness of this suggestion, and assuming without deciding that the assignments of error are sufficient to call the matter to our attention, it may be said that especially to defendant Madden the matter was extremely important as he was arrested far away from where his codefendants were apprehended, and claimed innocence and ignorance of the offense charged. Whether both of the defendants' counsel were present when the matter of continuance was presented, discussed and decided, and one of them left the room to use the telephone as the jury were called into the box, or whether both were then temporarily absent from the room, the transcript shows

that when the case was called the defendants appeared
in person and by their attorneys, or as the transcript
was literally worded "his Attorneys." Why no require-
ment was made or such action suggested until the jury
had been sworn and a statement of the case made by
the county attorney we do not know; and while the de-
mand made at this late point in the proceeding might
have been granted by the court, it appears quite clearly
from the authorities cited and from many others which
could be adduced that the right of severance is one
which may be waived and which to be availed of must
be exercised before the prosecution has so far pro-
gressed as to indicate that the defendant has really
waived the right he afterwards concludes to assert.

If the defendants were in custody, as we take the
fact to be, they were doubtless brought into the court
room together, and were advised in person and by their
counsel that they were there to meet the charge pre-
ferred against them; and when the case was called for
trial and the state announced itself ready and time was
taken to present and consider motions and evidence
written and oral covering about nine pages of the
transcript, and after disposing of this matter the jury
were called and sworn, the defendants having, as we
assume, already pleaded not guilty, it can hardly be
said upon principle or on authority that a demand
then made for the first time could force one case to be
severed into four or any longer be insisted upon as a
matter of statutory right.

We have examined and considered the various other
matters touched upon in the brief and arguments of
counsel for the defendants but find nothing materially
prejudicial.

The judgment is therefore affirmed.

PORTER, J. (dissenting) : Technically the request for
separate trials should have been made five minutes
earlier in the proceedings and before the jury were

sworn to answer questions. The request was made, however, before the jury were sworn to try the case. What seems to be a fairly reasonable excuse for the delay appears from the fact that one of the attorneys for defendants had stepped out of the court room to use the telephone when the case was called for trial. I do not believe the state should, upon such technical grounds, deny a substantial right to a defendant. Defendant Madden, it seems, was not arrested with the other defendants, but at another time and place; and he claimed that he had never been associated with the others and had never had anything to do with them. I think he was deprived of a substantial right for a very insufficient reason, and therefore that the judgment should be reversed as to him.