[No. 32371. Department One. August 5, 1953.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY ARNOLD, *Appellant.*[1]

*Wm. H. Simmons,* for appellant.

*Charles O. Carroll* and *Robert H. Van Eaton,* for respondent.

GRADY, C. J.—Appellant was tried before a jury on two charges of robbery. A verdict of guilty on both counts in the information was returned. The court denied a motion for a new trial and entered judgment and sentence.

Appellant challenges the sufficiency of the amended information. The original information charged appellant and Ralph Courser jointly with robbery. Courser pleaded guilty and judgment was entered. The amended information contained two counts each charging the appellant and Courser with robbery. Appellant contends that, when Courser

[1]Reported in 259 P. (2d) 1104.

pleaded guilty to the same charge of robbery contained in count I of the amended information, he could not thereafter be jointly charged with Courser in both counts of such information. The argument is made that in legal effect appellant alone was charged with robbery in count I and was jointly charged with another robbery in count II. He invokes the rule pronounced in *State v. Christian,* 253 Mo. 382, 161 S. W. 736, to the effect that there is a misjoinder of parties defendant when an information in one count jointly charges two persons with the commission of a certain offense and in another count charges one of the defendants with having alone committed another and different crime.

Appellant made no complaint of misjoinder of parties in the amended information in the trial court. The question now raised is one of pleading and does not relate to any insufficiency of the charges of the commission of robbery.

▆▆ We have decided many times that questions relating to an information from a pleading standpoint not raised in the trial court will not be considered on appeal. *State v. Rogan,* 18 Wash. 43, 50 Pac. 582; *State v. Snider,* 32 Wash. 299, 73 Pac. 355; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Swartz,* 108 Wash. 21, 182 Pac. 953; *State v. Beebe,* 185 Wash. 655, 56 P. (2d) 682.

The theory upon which many of our cases rest is that, while a plea of not guilty is in effect, a challenge to the sufficiency of an information, from a pleading standpoint, can be made only by a motion in arrest of judgment.

Appellant likewise complains for the first time on this appeal that the court upon denying his motion for a new trial did not enter a formal written order giving definite reasons of law and facts for so doing as prescribed by Superior Court Rule 16, 34A Wn. (2d) 118. The record does not show that any objection was made to the entry of judgment without such an order or that any request was made for the making of an order containing the requirements of the rule. One of the purposes of the rule was to enable this court to know the precise ground upon which the trial court granted or denied a motion for a new trial. Much trouble had been encountered by the entry of general orders. Upon

appeal this court had no way of knowing whether the action of the court was based upon matters of discretion or upon some question of law or fact.

█ A party expecting to take an appeal and to have the benefit of the rule should call the attention of the trial court to it and request that the order granting or denying the motion assign the reasons therefor. If he does not do so, any complaint in that respect will not be reviewed.

█ Appellant claims that he was denied his constitutional right to a speedy trial, right to counsel, and right to a fair appeal. The matter of fair appeal is discussed by appellant under his assignment of error with reference to the noncompliance by the court with Rule 16.

The record shows that between the time of arrest and trial appellant was before the court on many occasions. In one of his first appearances, he was represented by counsel; later, his counsel withdrew. Appellant on occasions informed the court that he expected to retain counsel of his own choosing. About twenty days before trial, appellant was before the court and counsel was appointed to represent him and did appear for him at his trial. He secured other counsel to prosecute his appeal. On one occasion, appellant requested that his case be stricken from the trial calendar because of his inability to secure the attendance of a witness. The record does not show that at any time appellant made complaint that he was not being accorded a speedy trial. We find no merit in this assignment of error.

We have considered the other assignments of error and find them to be either without substantial merit or they have become immaterial in view of what we have said with respect to those discussed in this opinion.

The judgment is affirmed.

MALLERY, HILL, WEAVER, and OLSON, JJ., concur.

---

August 31, 1953. Petition for rehearing denied.