# Rogers *v.* The State.

## *Murder.*

(Decided Feb. 3, 1910. Rehearing denied Feb. 26, 1910.
52 South. 33.)

1. *Severance; Motion for; Time.*—Under rule 31, Code 1907, page 1525. a motion for a severance not made until after the defendant had been arraigned and pleaded not guilty, came too late, and was properly denied.

2 *Indictment and Information; Plea in Abatement; Motion to Quash.*—Where a defendant has been arraigned and has entered a plea of not guilty it is within the discretion of the trial court to refuse to permit the filing of a plea in abatement, or a motion to quash the indictment.

3. *Same; Jury; Drawing.*—Where the record shows a compliance with pre-existing laws, both as to the drawing of the jury, the ordering of the venire, and the return of the sheriff, a conviction for a capital crime will not be reversed because the jury was drawn under a void local act.

4. *Same; Court.*—The word' "court" in a minute entry must be held to mean the presiding judge, where it appears that the court consisted of two judges, and hence, the recital of the minute entry that the court proceeded to publicly draw from the 'jury box as provided by law, etc., certain names as jurors, etc., is tantamount to the drawing by the presiding judge of the jurors.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Joseph Rogers was convicted of murder, and he appeals. Affirmed.

The record shows that the defendant was arraigned on April 15, 1909, and pleaded not guilty, when a day

[Rogers v. The State.]

was set for his trial, and juries ordered drawn. The arraignment was of Joseph Rogers and Jim Powell, charged in the same indictment with the crime of murder. On April 27th the defendant filed the motion to quash the indictment, and also demanded a severance upon the continuance of the cause to May 18, 1909. On that day the defendant renewed his demand for a severance, and also called attention to the motion to quash the indictment, and filed a plea in abatement, which the court denied. The defendant then moved the court to allow him to enter motion to quash the indictment and his plea in abatement, which was denied. The defendant then requested to be heard on his motion to quash the indictment, which was also denied; he reserving exceptions at the time to each action.

ALLEN & BELL, for appellant. Where the law requires the jury to be drawn by the presiding judge it is error if the record shows that it was drawn by the court.— Scott v. The State, 41 Ala. 39; Gray v. The State, 39 South. 221. The act of the court is not the act of the presiding judge.—Authorities supra, and Ex parte Fuquahar, 99 Ala. 375; Wright v. The State, 136 Ala. 50. The requirements of the Constitution in reference to the drawing of the jury in capital cases are mandatory. —Scott v. The State, supra; Gray v. The State, supra, Wells v. The State, 94 Ala. 1. Counsel insist that the Local Act under which the jury was drawn was violative of section 62 of the Constitution, and cite authorities in support thereof. Counsel's brief on the errors assigned as to the other matters presented on the trial did not reach the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. While the Local Law for the drawing of juries in Jefferson county may be void, yet it affirmatively ap-

[Rogers v. The State]

pears of record that the jury was drawn in this case, in strict accordance with pre-existing laws.—*Howard v. The State,* 108 Ala. 571; *Thomas v. The State,* 94 Ala. 75; *Brassell v. The State,* 91 Ala. 45. The minutes recite that the jury was drawn by the court, and it appearing that there were two judges, and the name of the presiding judge appearing, the entry was tantamount to a showing that the drawing was done by the presiding judge.—*Lewis v. Watson,* 98 Ala. 479; *Johnson v. The State,* 68 Ala. 544; *Richter v. The State,* 156 Ala. 127. It was within the discretion of the trial court to permit the filing of a plea in abatement or motion to quash the indictment, as the defendant had been arraigned and pleaded not guilty previous to that time.—*Crawford v. The State,* 112 Ala. 1; *Moorer v. The State,* 115 Ala. 19. Certainly, the motion for severance came too late.—*Miller v. The State,* 130 Ala. 1.

ANDERSON, J.—The record shows that the motion for a severance was not made until some days after the defendant was arraigned and pleaded not guilty. The action of the trial court in refusing said motion will not, therefore, be revised upon this appeal—Rule 31, p. 1525, vol. 2, Code 1907; *Hudson v. State,* 137 Ala. 60, 34 South. 854; *Miller v. State,* 130 Ala. 1, 30 South. 379; *Austin v. State,* 139 Ala. 14, 35 South. 879. Nor will the action of the trial court be revised for declining to receive the plea in abatement to the indictment and in overruling the motion to quash same, as they both came after the defendant had pleaded "not guilty" to the indictment.—*Crawford v. State,* 112 Ala. 1, 21 South. 214; *Moorer v. State,* 115 Ala. 119, 22 South. 592.

The judgment of the criminal court is affirmed.
Affirmed.

McCLELLAN, MAYFIELD and SAYRE, JJ., concur.

[Rogers v. The State.]

ON REHEARING.

ANDERSON, J.—It has been suggested for the first time upon this application that the jury that tried this case was drawn and organized under the act of 1907 (Loc. Acts 1907, p. 238), which was declared unconstitutional in the case of *Crain v. The State,* 166 Ala. 1, 52 South. 31. It is true that said act has been condemned; but the record in the present case shows a compliance with the law as it existed before the attempted enactment of 1907, both as to the drawing and ordering of the venire and the return of the sheriff. ·

It is insisted, however, that the minute recital shows the special jury was drawn by the court, instead of the judge, and falls within the influence of the case of *Scott v. State,* 141 Ala. 39, 37 South. 366. The minute entry does recite that the jury was drawn by the court; but it also recites that "the court proceeds to publicly draw from the jury box as provided by law," etc., which differentiates it from the *Scott Case, supra,* and brings it within the influence of the case of *Gray v. State,* 39 South. 621.

Counsel for appellant suggest that the *Gray Case* must not control the one at bar, for the reason that there are two judges of the court, and that "the court," as used in the minute entry, did not mean the presiding judge. We think that, if the court proceeded as provided by law to draw the jury, the word "court" necessarily means the presiding judge, and not the other judge of said court.

There is nothing in this record to show that the law was not complied with as to the drawing, service of copy of venire, and organization of the jury.

The application must be overruled.