# Murray *v.* The State.

## *Assault and Battery.*

(Decided June 10, 1915. 69 South. 354.)

1. *Assault and Battery; Weapon; Evidence.*—While the proof of motive is not indispensable, evidence thereof is always admissible; hence, evidence that the prosecutor had discharged the defendant, who assaulted him with a weapon was admittted without error.

2. *Appeal and Error; Exceptions; Necessity.*—Where the exception states the charge of the court complained of materially different from the charge as given, such exceptions will not be considered on appeal.

3. *Charge of Court; Stating Evidence.*—The charge complained of considered as a whole, and held not objectionable on the ground that the court charged on the effect of the evidence, since the court

merely defined the position and contentions of the state and that of the defendant.

4. *Same; Invading Jury's Province.*—Charges which invade the province of the jury by taking from them disputed questions of fact, and confining them to parts of the evidence are refused without error.

5. *Assault and Battery; Defense.*—A defendant cannot justify his assault with a weapon in repelling an assault by the prosecutor unless he honestly believes that he was in peril.

6. *Same.*—A charge asserting that where a man is free from fault in bringing on the difficulty, he is justified in using such violence as is necessary to protect himself against bodily harm, is argumentative.

7. *Charge of Court; Unintelligible.*—The use of the word "evidence" where the word "force" should have been used renders a charge unintelligible and justifies its refusal.

8. *Witnesses; Impeachment; Bias.*—The fact that a witness was related to the prosecutor, may be considered by the jury as tending to show bias or prejudice, and hence, to effect the credibility of such witness; but the weight to be given to the evidence of that fact is for the jury, and a charge otherwise asserting is properly refused.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

Dock Murray was convicted of an assault and battery with a weapon, and he appeals. Affirmed.

The facts sufficiently appear. The first two charges are the affirmative charges. The third charge in the record is as follows: A "reasonable doubt" is a doubt for which a reason can be given and if any part of the evidence in the case, considered in connection with all the evidence, convinces you that the defendant was justified in striking when and as he did, this would raise a reasonable doubt, as to his guilt, and he would be entitled.

(4) If you believe from the evidence that it was necessary, or apparently necessary, for the defendant to use his knife in the manner that he did to protect himself against bodily injury, that he could not retreat without apparently increasing his danger, and that he used only such force as was necessary under the circumstances, then you should acquit.

[Murray v. The State.]

(5) The law does not require that a man be beat up or struck down, and where a man is free from bringing on a difficulty, and it is necessary, or apparently necessary, to strike in order to protect himself against bodily harm, and he uses only such force as is necessary under the circumstances, he is not guilty of any offense under the law.

(6) Where a man is free from fault in bringing on the difficulty, he is justified in using such violence as is necessary to protect himself against bodily harm, and if you believe that in this instance defendant Murray was free from bringing on the difficulty, and that he used only such evidence as was reasonably necessary to protect himself against bodily harm, then you should acquit him.

(7) You may in weighing the evidence take into consideration the fact that witnesses Barton and Mrs. Buchannon are closely related.

CHARLES F. DOUGLASS, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—The witness Barton during his examination testified without objection that he was foreman of the cardroom of the Anniston Manufacturing Company, and that, when he came to Anniston and entered the employ of that company in the capacity of foreman, the defendant was working there, and that he discharged the defendant on the 10th of September, and the difficulty in which the defendant cut the witness occurred on the 19th of September.

(1) The court, over the objection of the defendant, allowed the witness Cochran to testify that the defend-

ant, Murray, was working under Barton, and that Barton discharged the defendant, that Barton told defendant he was discharged, and that he also sent Cochran, who was working under Barton, and was in authority over the defendant, to tell defendant that he (defendant) was discharged, and that witness told defendant that Barton had sent him to tell the defendant that he was discharged, and that defendant replied, "The old man Barton had done him dirty and he would see him about it." This evidence was admissible to show motive for the crime for which the defendant was on trial. While proof of motive for the commission of an offense is not indispensable and therefore not an element of the burden of proof resting upon the prosecution, it is always a legitimate subject of inquiry, and any evidence tending to show motive, though weak and inconclusive, is admissible.—*Brunson v. State,* 124 Ala. 37, 27 South. 410; *Cooley v. State,* 7 Ala. App. 163, 62 South. 292; *Brown v. State,* 7 Ala. App. 26, 61 South. 12; *Ward v. State,* 182 Ala. 1, 62 South. 703; *Spicer v. State,* 188 Ala. 9, 65 South. 972.

(2, 3) The record shows that the defendant, before the jury retired, reserved an exception to what he asserted was a portion of the court's oral charge in these words: "The evidence in this case, on the part of the state, if believed, tends to show that Murray assaulted Barton because Barton had discharged him from the mill."

When this exception was reserved, the court stated to the jury: "That he could not recall making the statement to the jury to which counsel had just excepted; that he didn't think he had made the statement, but had meant to state that such was the contention of the solicitor; that, if the court had made the statement, the court

would withdraw the said statement from his charge; that it was a question for the jury, and not for the court; that the jury should decide the question from the evidence; that the court did not intend to decide the question; that it was a fact that the state claimed that was what happened; that whether this was true was for the jury to determine, and not the court."

We have carefully read the oral charge of the court, and it does not contain the identical statement set forth in the exception, but what the charge stated in this respect was: "Now, the evidence in this case tends to show that this defendant made an assault on this man Barton, with a knife, by cutting him in the neck in a serious way, because Barton had discharged him from the mill."

And that immediately following and in the same connection the charge states: "The evidence that defendant offers is that, while he was peacefully in the streets, Barton approached him, and without any preliminary, and without any reason, so far as the evidence shows, began to abuse him in a most insulting way, and assaulted him by striking him and chasing him back over some distance, striking him with one hand, and with the other hand in his pocket as if to draw a weapon, and it was only after he had been struck and threatened and chased around that he drew his knife and cut Mr. Barton."

By comparison of the charge of the court with the statement in the exception, it is apparent that there is a very material difference between what the court said in the charge and what is stated as the basis of the exception, and therefore the exception is not sustained.

Furthermore, the statute provides: "The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not

charge upon the effect of the testimony, unless requested to do so by one of the parties."—Code 1907, § 5362.

The statute authorizes the court to state the evidence and its tendencies to the jury. The charge of the court, when construed as a whole, merely states the theories of the parties and the tendencies of the evidence, and the contention that the court charged upon the effect of the evidence is untenable.—*Hawes v. State*, 88 Ala. 71, 7 South. 302; *Tidwell v. State*, 70 Ala. 33; 1 Bish. Cr. Pr. § 979; *Dennis v. State*, 112 Ala. 64, 20 South. 925; *Harris v. State*, 96 Ala. 24, 11 South. 255.

(4-8) The charges refused to the defendant are not numbered so that it is convenient for us to discuss them separately, and we will refer to them merely in the order in which they appear in the record. The first three of these charges were well refused because they invaded the province of the jury. The fourth embodies a hypothesis of both real and reasonably apparent peril, and pretermits an honest belief on the part of the defendant that he was in peril, and was properly refused. —*O'Rear v. State*, 188 Ala. 71, 66 South. 81. The fifth is argumentative and is otherwise faulty. The sixth used the word "evidence" when the word "force" was evidently intended, and assumes that defendant was in a position of peril.—*Harris v. State, supra*. The seventh charge submitted nothing to the jury. The testimony showing that Mrs. Buchannon was a relative of Barton, the person assaulted, was admissible as tending to show bias or prejudice on her part, and therefore to impeach her credibility. It was the province of the jury to consider this fact in determining what weight or credit they would give to her testimony, and a charge, to come within the exception, must embody such instruction.—*Smith v. State*, 88 Ala. 77, 7 South. 52; *Jackson v. State*, 5 Ala.

[Pearson v. The State.]

App. 315, 57 South. 594; *B. R. L. & P. Co. v. Glenn,* 179 Ala. 273, 60 South. 111. This charge embodied no such instruction.

We find no error in the record, and the judgment of the city court will be affirmed.

Affirmed.