(85 South. 817)

### BLEVINS v. STATE. (7 Div. 53.)

(Supreme Court of Alabama. June 30, 1920.)

1. Homicide ⬥169(1)—Irrelevant evidence of finding of whisky held erroneous.

In a prosecution for murder of officers who· had gone to arrest defendant, evidence tending. to show that the officers had found whisky in the woods only a short time before they went to the place where defendant lived was erroneously received and must be regarded as· harmful.

2. Criminal law ⬥363 — Homicide ⬥184 — State entitled to show that officer was proceeding to arrest defendant when killed, and' all res gestæ of occasion.

In a prosecution for the murder of officers who had gone to arrest the defendant, where it was a question for the jury whether deceased or the officers had brought on the shooting, and whether defendant and his brother began shooting before the officers had a chance to· declare themselves and their authority, the state was entitled to show officers' authority to justify their presence on the defendant's premises and to prove the res gestæ of all that happened, on such occasion, including physical cause and manner and extent of injuries suffered by any of the sheriff's party.

3. Criminal law ⬥720(5)—Statement of prosecuting attorney calculated to injure defendant as witness error.

Where defendant, prosecuted for murder of an officer, denied a statement attributed to him, the solicitor's reply, "I thought you would," which was not made at time or place of the argument to the jury, was improper, as directed against the witness and calculated to injure the credit of the witness by placing it against that of the prosecuting attorney.

4. Criminal law ⬥363—All said and done when deceased was killed while making an arrest held res gestæ.

In a prosecution for murder of· an officer who had gone to arrest defendant and his brother, evidence of all that was said and done at the time of the difficulty, whether by defendant, his brother, or the officers, was within the narrowest definition of res gestæ, and, being contemporaneous with the main fact and illustrative of its character and of defendant's connection with it, was admissible, and it was not necessary to show as an independent fact a community of design between ·defendant and his brother; that question being for the jury.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p 474.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Richard Blevins, alias Rich Blevins, was convicted of murder in the second degree, and he appeals. Reversed and remanded.

J. Valdor Curtis, of Ft. Payne, Chas. H. Neighbors, of Chattanooga, Tenn., and Isbell & Scott, of Ft. Payne, for appellant.

The court should either have granted a continuance or quashed the venire. The action in eliminating the juror was certainly erroneous. 1 Ala. App. 144, 56 South. 11; 128 Ala. 12, 29 South. 200; 10 Ala. App. 22, 64 South. 530. The court erred in permitting the sheriff to say that he was shot with a rifle, and that Scott did not have a pistol. 17 Cyc. 25; 16 Ala. App. 115, 75 South. 707; 79 South. 394. The effort of the solicitor and the permission of the court to introduce evidence tending to show that the defendant had been making wild cat whisky was very prejudicial and unlegal. Counsel discuss other assignments relative to admissions and exclusions of evidence, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the reporter.

SAYRE, J. The name of "John Whited, Farmer, Beat 13, Sulphur Spgs.," appeared on the venire ordered for the trial of appellant defendant. John W. Whited of beat 25, a different man, was summoned by the sheriff and appeared for service as a juror. John Whited of beat 13 was not summoned, nor did he appear. Defendant moved that the cause be continued until John Whited could be summoned. The court solved the question thus presented by ordering the name of John Whited to be stricken from the venire. The defendant then "objected to being placed upon trial with the number [of jurors] as it appeared with the name of John Whited stricken off." For aught appearing there was no showing as to why John Whited of Sulphur Springs had not been summoned. One witness testified that he knew "John Whited up at Sulphur Springs, in beat No. 13," and that John W. Whited of beat No. 25, exhibited to the witness, was not the man he knew in beat No. 13. The court committed error. Defendant raised the question in perhaps the only way open to him (Zininam v. State, 186 Ala. 9, 65 South. 56), and, in the absence of some showing of reason for proceeding without John Whited of Sulphur Springs, we can only presume that if he had been summoned he would have appeared and served. Such was the opinion of Mayfield, J., in Tennison v. State, 188 Ala. 90, 66 South. 112, an analogous case. That opinion was not concurred in by the court, for the reason that defendant in that case had not attempted to raise the question "until after the selection of the jury." In Carmack v.

State, 191 Ala. 1, 67 South. 989, however, a similar question was raised by timely objection, and there the court held a similar ruling to be reversible error. And when the same question was presented to the Court of Appeals it, of course, followed the ruling in Carmack v. State, supra. Wright v. State, 15 Ala. App. 91, 72 South. 564, and Cain v. State, 16 Ala. App. 303, 77 South. 453. It thus appears that the error of which appellant complains was not the error of a mere ministerial or executive officer, such as, by the act approved August 31, 1909 (section 32, p. 320; same provision in act approved September 29, 1919, p. 1042), shall not constitute sufficient ground for quashing the venire or continuing the cause, but was error on the part of the court, and must work a reversal. The statute does not intend that the sheriff may without rime or reason, or for reasons of his own, reduce the number of jurors to which a defendant becomes entitled under the order of the court for a special venire. The proper practice would have been to inquire whether proper diligence had been exercised to summon the juror named in the venire, and, if not, then to postpone the selection of the jury until the person named to serve as a juror could be brought to court. Troublesome, perhaps; but a man on trial for his life must have every right the law gives him, and his rights can by no means be committed to the discretion of the sheriff.

[1] Deceased, who was a deputy sheriff, another deputy who was killed at the same time, and the sheriff in his own proper person, had gone to the house where defendant lived with his mother, two sisters, and Harry Blevins; the last named being jointly indicted with appellant. The three officers to whom we have referred went into the house and awaited the coming of defendant and his brother, leaving the automobile in which they had approached the place in the woods, 150 to 200 yards away, and in charge of one York. In a short while the young men—defendant and his brother—came home and a fusillade followed immediately upon their entry into the house. The two deputies were killed and the sheriff was wounded, as were the defendant and his brother. The evidence was in dispute as to who started the shooting.

It appeared without objection that the officers had 15 gallons of whisky in the automobile, and it appeared also that they had a warrant for defendant, issued upon an indictment charging him with making whisky. Evidence tending to show that the officers had found the whisky in the woods and only a short time before they went to the place where defendant lived, being duly objected to, was erroneously received. If it be suggested that this evidence could not have harmed defendant, since he was not shown to have had any connection with the whisky

in the possession of the officers, it is enough to say that it was wholly irrelevant, and, in the circumstances of the case, its admission was calculated to lead the jury to the conclusion that it was proper for their consideration and to stir their resentment against the defendant. It cannot be said with any approximation to certainty or safety that these rulings did no harm. Maxwell v. State, 89 Ala. 150, 7 South. 824.

[2] There was no error in allowing the state to show that deceased and those who went with him to the place of the homicide were officers of the law and armed with a, writ for the arrest of defendant. True, the evidence went to show that these officers made no announcement of the capacity in which they were acting, nor exhibited the writ they were attempting to execute, and this was not contradicted; but the reason for this, according to the testimony of the sheriff, was that they were attacked before they had time to announce their authority and purpose. There was evidence to the contrary, that is, to the effect that defendant entered the house peaceably with his brother and was in the act of placing his gun on a rack when deceased precipitated the difficulty by a sudden and unexpected attack with a deadly weapon upon his brother, after which, with great rapidity, 12 or 15 shots were exchanged between the parties. It was a question for the jury whether the deceased and the officers with him or the defendant and his brother were at fault in bringing on the difficulty, and if, according to the contention of the state, defendant and his brother began to shoot before the officers had an opportunity to declare themselves and their authority, the latter were none the less entitled to show the authority under which they sought to justify themselves and put defendant in the wrong, and to prove the res gestæ of everything that happened on that occasion, including the physical cause, manner, and extent of the injuries suffered by any of the sheriff's party. The questions of fact involved, as we have already indicated, were for the jury; the applicable law is stated in Brown v. State, 109 Ala. 70, 20 South. 103.

[3] Defendant, testifying as a witness in his own behalf, on cross-examination denied that he had said in the presence of the solicitor who was conducting the examination, "They come out there and arrested my little brother the day before, but they will not do it again;" the witness saying in denial, "I will swear that I did not say that;" whereupon the solicitor said, "I thought you would." This remark, not made in the time or place of argument to the jury, but directed against the witness and implying the falsity of his testimony, was improper, of course, and was calculated to injure the credit of the witness by placing it over against the credit of the prosecuting attorney. We have no hesitation in saying that it would have been properly excluded from the jury on defendant's motion. Further, for the present, as to the gravity of the court's adverse ruling we need not go. Headley v. Harris, 193 Ala. 520, 71 South. 695.

[4] Many exceptions were reserved in the progress of the trial, but most of them were not of a character demanding specific treatment, though all of them have had due consideration. We think we need add only that evidence of all that was 'said and done at the time of the difficulty, whether by defendant, his brother, or the officers, was within the narrowest definition of res gestæ. The acts and declarations shown in evidence were contemporaneous with the main fact, illustrative of its character and of defendant's connection with it, nor was it necessary to show, as an independent fact, a community of design between defendant and his brother. That was a question for the jury. Blount v. State, 49 Ala. 381.

It is the opinion of the court that the judgment of conviction in this cause was infected with error, and should be reversed.

Reversed and remanded.

All the Justices agree to the reversal on the question of evidence. Judge BROWN concurs in the opinion. Other Justices do not concur in what is said on the subject of the organization of the jury.