(88 South. 197)

REEVES v. STATE.    (6 Div. 760.)

(Court of Appeals of Alabama.  Feb. 1, 1921.)

1. JURY ⬥116—VENIRE NOT QUASHED BECAUSE OF IRREGULAR OPENING OF JURY BOX.

Under Acts 1909, p. 305, § 23, providing that no objection to an indictment on grounds going to the formation of the grand jury can be taken except by plea in abatement on the ground that the jurors were not drawn by the officer designated by law, and section 29, providing that no objection can be taken to any venire except for fraud in drawing or summoning the jurors, it was not a ground for quashing the venire that the jury box had been opened (apparently in another division of the court) and the tickets counted and examined and a list of the names made and the box sealed by seals bearing the name of one not authorized to seal it, though such opening, etc., was irregular.

2. ROBBERY ⬥26—EVIDENCE HELD TO MAKE QUESTION FOR JURY.

Evidence on a trial for robbery *held* to make a case for the jury and to justify the refusal of affirmative charges for defendant.

3. CRIMINAL LAW ⬥814(20)—INSTRUCTIONS AS TO INCLUDED OFFENSES PROPERLY REFUSED AS ABSTRACT WHEN EVIDENCE WOULD NOT WARRANT VERDICT FOR SUCH OFFENSES.

Where, under the evidence, defendant was either guilty of robbery as charged, or not guilty, and there was no evidence upon which to predicate a verdict of included offenses, requested charges as to such offenses were properly refused as abstract.

4. JURY ⬥71—STRIKING OF JURY BY JUDGE ON DEFENDANT'S REFUSAL NOT ERROR.

Where defendant refused to strike the number of jurors allowed him, the action of the court in striking the jury for him in strict compliance with Acts 1919, p. 1039, § 32, was not error.

5. CRIMINAL LAW ⬥266 — PLEA OF NOT GUILTY PROPERLY ENTERED WHEN DEFENDANT REFUSED OR NEGLECTED TO PLEAD.

Under the express provisions of Code 1907, § 7565, the court properly caused a plea of not guilty to be entered for defendant, where he refused or neglected to plead.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Clarence Reeves, alias Cecil Walton, was convicted of robbery, and he appealed. Affirmed.

The following motion to quash the venire was made by the defendant, and it was also made an objection by the defendant to being put upon his trial before this venire:

(1) Said venire was not drawn according to law.

(2) The jury box from which the venire for this week was drawn had been in charge of others than authorized by law.

(3) The said jury box from which this venire was drawn had been opened, the tickets with the names of the jurors counted, examined, and list made of them by others than are authorized by law, and since said examination and before the drawing of this venire the box had not been refilled by those authorized by law.

(4) Since the jury box has been filled by those authorized by law, it has been opened and examined, and lists made of the names contained in said box by others not authorized by law and not by order of or under the direction of or in the presence of one or more of the judges of the criminal division of this court, and from this box this venire was drawn.

(5) This court had knowledge of the above facts by the sworn statement of a witness, as to the box being opened and names of the judges being listed and counted, by others than those authorized by law, and the special venire of this week to try this defendant was drawn by this court from the same jury box.

(6) Because the said venire was drawn from the box which was sealed with three or more paper seals bearing the name of W. A. Denson, who is and was a person not authorized by law to seal the same or to have the custody or control thereof.

(7) Because on the said jury box appears and appeared the name of W. A. Denson on three or more paper seals which show that they have and had been broken and torn apart, which said Denson was and is a person not

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

authorized by law to place the same thereon or to break and disrupt the same.

In overruling the motion to quash the venire the trial court made the following observations:

"The motion in this case to quash the venire on the ground that that box has been opened in another division of this court, and has perhaps alleged irregularities in reference to that, is not a question that this court will have to determine. The Legislature of Alabama has said, and it has been the law for a number of years, that in cases under the jury law, unless fraud in the drawing or summoning of the jurors is alleged and proven, no motion to quash will be allowed. I recognize, of course, the investigation had in the civil side of the court was on an attack made as to the integrity of the jury commission in their manner of filling the box; however that may turn out, whatever may be the result of that, this court is obliged to follow the law as it is, and the law in these cases is that no motion to quash the venire can be sustained unless for fraud in the drawing or summoning of jurors. In other words, if the judges of this court acted fraudulently in the drawing of those jurors, or if the sheriff was fraudulent in his action in summoning the jurors, those two grounds are recognized as sufficient to quash a venire in a criminal case, and I do not know of any authority or any precedent or any grounds on which a motion to quash the venire in a criminal case could be sustained unless fraud is alleged or proven. However many people may have, either under direction of Judge Evans, or otherwise counted, as alleged in your motion, those names, it is not alleged in the motion that those names were not taken out under the jurisdiction of the court and under its direction, and put back in. Now, whether that was regular or irregular on the part of Judge Evans, a question I do not need to decide, that irregularity does not constitute, in my judgment, legal fraud, and I can see no just ground on which the motion can be sustained, and therefore I overrule it. The defendant then and there excepts to the ruling of the court.

"I have taken up, of course, gentlemen, in this case, time and care in going over the points presented, on account of their public importance and because of the fact that there are a great many decisions bearing indirectly on the propositions presented. There are certain ways, of course, in which the action of the jury commissions of this county can be attacked by direct proceedings, either by mandamus or otherwise, or by impeachment of the jury commission by direct action in which the law provides for the whole question being entered into. This is not the same proceeding that is now involved before Judge Evans in the civil division of the court, and this court does not attempt in any way to decide or to intimate an opinion as to what is being there presented to that court. It has none of the same features, as far as I can determine, in this particular case. The question we have here to decide is whether or not the defendant coming up for trial in a capital case is entitled by the motion to quash the indictment—to quash the venire, and on the allegations set up as grounds for that motion, whether or not those facts as set out in the motion are sufficient to quash the venire of the jury in this court. Now, there are a number of authorities from the Supreme Court and from the Court of Appeals that hold, not only once, but repeatedly, that no motion to quash the venire should be sustained unless for fraud in the drawing or the summoning of the jurors. Now, fraud in the drawing or summoning of the jurors would not raise the question of whether or not the jury commissioners acted in accordance with the law, because that would be fraud in the selection of the jurors and fraud in the action of those jury commissioners. The attack made here is as to whether or not this venire drawn from a box that is alleged to have certain irregularities, whether or not this venire is in itself void and illegal. The Supreme Court has held in a direct proceeding against jury commissioners, that their acts are judicial, and the allegations set out in this motion to quash, in my judgment, do not set forth facts sufficient to quash the venire in this case, and therefore the motion to quash will be overruled."

"Yes, and I think it should be decided by the right tribunal, in the right way, and if there is such a thing, it should be decided, and if there is not such a thing, it should be decided and the public mind set at rest on the proposition, but in my opinion the question is not presented in the way sufficient to require this court to go into the proposition that you allege."

Vaughan & Silberman and W. H. McCary, all of Birmingham, for appellant.

Counsel discuss errors relative to the admission and exclusion of errors and in refusing to give certain charges requested by the defendant but they cite no authority in support thereof. They base their argument for error in failing to quash the venire on Gen. Acts 1909, p. 305, §§ 14, 23, and 29, and 204 Ala. 232, 85 South. 699.

J. Q. Smith, Atty. Gen., and Lamer Field, Asst. Atty. Gen., for the State.

The court was not in error in its rulings on the venire. Acts 1909, p. 305; 178 Ala. 412, 59 South. 594; 204 Ala. 232, 85 South. 698. The motion to quash should appear in bill of exceptions. 172 Ala. 379, 55 South. 610; 1 Ala. App. 140, 55 South. 449. The charges requested were covered by the oral charge of the court, as well as by the given charges. 14 Ala. App. 122, 72 South. 214; Acts 1905, p. 855. The court properly completed the striking of the jury. Acts 1919, p. 1042.

BRICKEN, P. J. It would be difficult to conceive of a fairer or more impartial trial than was accorded this defendant as shown by the record in this case. He was represented by able counsel appointed by the court to

defend him. The court through an abundance of caution declined to permit the state to introduce in evidence an alleged full confession by the defendant of the offense charged, notwithstanding the extensive and exhaustive predicate which was laid for this purpose by the state and which under the well-settled rule was in the opinion of this court amply sufficient for the introduction of the alleged confession made to the solicitor by this appellant and taken down in shorthand by the official court reporter and transcribed by him. The oral charge of the court was able, thorough, and extremely fair, and without error of any character.

This defendant, a young white man, just entering upon the threshold of life, was convicted of robbery and sentenced to 15 years' imprisonment in the penitentiary. And according to the contention of the state, which contention appears to be borne out by the state's testimony, the appellant committed a most bold and daring robbery upon one Mr. E. H. Moore, who at the time of the alleged offense was living at Edgewood, a suburb of the city of Birmingham, and about four miles distant. According to Mr. Moore's testimony, this appellant, accompanied by another and still younger white man, drove up in a taxicab to his (Moore's) house at about 10:30 o'clock at night, and the defendant having left the younger man in the car, with motor running and the lights on the car burning, went to Moore's front door and asked for him; that he (Moore) was standing by the fire with his wife, saw the defendant, and heard him ask the man servant if Mr. Moore was at home. The man servant pointed out Mr. Moore, who went at once to the door, and was then told by the defendant that two ladies were in the car and wanted to speak to him, whereupon he went with the defendant to ascertain what the ladies wanted. And he testified:

"When I stepped out of the house and walked to the edge of the porch, the defendant was trailing me. He was right at my heels, and I turned around and said, 'Where are the ladies in the car?' He pulled an automatic pistol, and said: 'You need not worry about that. Just walk on out. March!' And took me right off of the porch and said, 'Shell out.' I asked him what kind of a joke he was pulling, and then I saw they were in earnest. I looked back towards my house and could see my wife inside, and he said: 'Don't look in there. If you do, we will drop you right where you stand.' The pistol looked like an army pistol and to be about a 41 or 45 caliber."

The witness then stated that in this manner they took from him the money specified in the indictment, and then drove away in the car.

[1] The principal insistence of error on this appeal is the action of the court in refusing to quash the venire. It would serve no good purpose to deal specifically with each of the questions presented, which have reference to this ruling of the court. Each of these questions have been carefully considered, and in this respect we pretermit the insistence of the Attorney General to the effect that—

"The several motions to quash the venire for the week and the venire for the trial of this case appear only in the record proper and not by bill of exceptions, in which it is insisted that an order denying defendant's motion to quash the venire of jurors on grounds dehors the record, and not shown by the bill of exceptions, cannot be reviewed."

Upon the merits we are clearly of the opinion that the rulings of the court upon the venire were free from error, and we think the utterances of the court in making these rulings are in point and his reasons are well stated as shown in the record. As stated by the lower court and many times so decided by the Supreme Court and this court, under the present statute no objection to an indictment on any grounds going to the formation of the grand jury which found the same can be taken to the indictment except by plea in abatement to the indictment which plea must be based solely upon the grounds that the grand jurors who found, and returned into open court the indictment, were not drawn by the officer designated by law to draw the same. Acts 1909, p. 305, § 23. And section 29 of said act expressly provides that no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors. These questions were not presented, and the irregularities relative to the jury boxes, if such existed, could not be tested in this manner, but only by a direct proceeding in the nature of mandamus, or by impeachment proceedings against the jury commission or by some other procedure not here presented.

[2] There was ample evidence upon which to submit the issues of this case to the jury, and, the evidence being in conflict, special charges 1, H, and I, requested in writing, each of which was the affirmative charge for the defendant, were properly refused.

[3] The principles of law involved in refused charges C, D, and E, were fairly and substantially covered by the oral charge of the court. Moreover, under the evidence in this case these charges were abstract for the reason that the defendant was either guilty or not guilty as charged, and there was no evidence whatever upon which to predicate a verdict of any offense comprehended in the indictment other than the main charge, that of robbery, and for these reasons these charges could have been well refused.

[4] The defendant refused to strike the number of jurors allowed him, whereupon

the presiding judge proceeded to strike the jury for him. This action of the court was in strict compliance to the terms of the statute, Acts 1919, p. 1039, § 32, and was therefore without error.

[5] Nor was there error in the action of the court in causing the plea of not guilty to be entered for the defendant, he having refused or neglected to plead. Code 1907, § 7565.

The remaining questions presented relate to the rulings of the court upon the testimony. These rulings are so clearly free from error we see no necessity of dealing specifically with each of these rulings; there was nothing in any of them which could injuriously affect the substantial rights of the defendant.

The judgment of the circuit court is affirmed.

Affirmed.