61 So.2d 855

**JORDAN v. STATE.**

**7 Div. 207.**

Court of Appeals of Alabama.

June 10, 1952.

Rehearing Denied Oct. 7, 1952.

A. L. Crumpton, Ashland, for appellant.

Si Garrett, Atty. Gen., for the State.

HARWOOD, Judge.

This appellant shot Hollis McDaniel twice with a pistol. One bullet caused the loss of McDaniel's right eye. The other bullet entered McDaniel's body in his right groin. The shooting took place in McDaniel's home.

As a result the appellant was indicted for assault with intent to murder, and was by a jury found guilty as charged.

The evidence presented by the State was, if believed by the jury under the required rule, ample to sustain the judgment and verdict rendered.

The evidence for the defense was directed toward showing that the appellant was justified in his conduct by reason of self-defense.

The contradiction thus resulting was solely within the province of the jury to resolve.

Rulings by the court were called for only two or three times during the trial below. In each instance palpably no error injurious to appellant's rights resulted, and nothing in any of these rulings merits discussion.

Appellant's written charges Nos. 1, 2, A, B, and C, being affirmative in nature were properly refused under the developed evidence.

Charges 7, 8, 9, 10, and 11 were properly refused as being either invasive of the province of the jury, or misleading, or erroneous statements of the legal principles applicable to this case.

Charge 12 was refused without error being covered in the court's oral charge.

Affirmed.

### On Rehearing

In his brief in support of his application for rehearing counsel for appellant insists that charge 12 was not covered by the oral charge of the court, and further insists that the charge is good and should have been given. Counsel however cites no authorities in support of the latter part of his contention.

Upon further consideration we concede that there may be doubt that the court's oral charge did sufficiently cover the principle sought to be covered in charge 12.

However, in our opinion, charge 12 is faulty in that it pretermits an honest belief on the part of the defendant that he was in peril. See Murray v. State, 13 Ala.App. 175, 69 So. 354. The charge is further defective in that it assumes as a matter of law that the facts postulated created imminent peril to life or limb, thus invading the province of the jury whose duty it was to determine whether the defendant was in imminent peril, actual or apparent. Cawley v. State, 133 Ala. 128, 32 So. 227; Gilmore v. State, 126 Ala. 20, 28 So. 595; McDaniel v. State, 97 Ala. 14, 12 So. 241.

The other points argued in brief are in our opinion sufficiently covered in our original opinion and no further discussion is indicated.

Application denied.