# Brown *v.* The State.

## *Murder.*

(Decided February 4, 1913.  61 South. 12.)

1. *Homicide; Intent; Evidence.*—A witness may not testify as to his motive, when secret and uncommunicative, and hence, in a prosecution for homicide, defendant could not testify properly that he went to the store where the fatal difficulty occurred, and where deceased was, to make a. purchase, this being a matter of inference for the jury from all the facts.

2. *Same; Motive.*—Where an act in question is consistent with different motives it becomes competent to prove facts known to the

[Brown v. The State.]

person which are reasonably calculated to produce either of the motives contended for.

3. *Same.*—Where defendant claimed that he went to the store to make a purchase and there met deceased, and thereupon the fatal difficulty ensued, he could show, as bearing on the question of motive, that he was in the habit of going to that particular store on every Saturday night; and it was competent for the state to show that he made no purchases when he arrived, and that before he went he told deceased that he would see him that night at that particular store.

4. *Same; Instructions; Self-Defense.*—Charges on self-defense which pretermit the requirement that defendant must have been free from fault, are properly refused.

5. *Charge of Court; Character.*—A charge asserting that if defendant is shown to have a good character for peace and quiet that was sufficient to generate a reasonable doubt of his guilt, though without such proof the jury might not have such doubt, was properly refused.

6. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by requested charges given.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Judge Brown was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following are the charges refused:

(1) "If the defendant acted in self-defense, as self-defense has been defined to you by the court, then the jury should acquit the defendant."

(2) "If the defendant killed the deceased in self-defense, as the court has defined self-defense to you, then the defendant did not enter into the fight willingly, as the court has defined this term to you, and the jury should acquit the defendant."

(3 "If the defendant is shown to have a good character for peace and quiet, this may be sufficient to generate a reasonable doubt of the guilt of the defendant, although the jury might not have such reasonable doubt of his guilt without such proof."

(4) "If Ben Brown brought on the difficulty, and without fault on the part of the defendant, and there was no reasonable mode of escape open to the defend-

ant, and the circumstances were such as to impress the defendant with a reasonable belief that he was in danger of death or great bodily harm, then he had a right to take the life of Ben Brown, and the jury should acquit."

TATE & WALKER, for appellant. Counsel discuss errors relative to evidence but without citation of authority. Charges 1 and 2 should have been given. Charge 3 was improperly denied.—*Felix v. State,* 18 Ala. 720; *Fields v. State,* 47 Ala. 603; *Armor v. State,* 63 Ala. 173.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—Whatever be the rule elsewhere, it is well settled in this state that witnesses are not permitted to testify to their motive, belief, or intention, when secret and uncommunicated; such mental status, when relevant, being a matter of inference to be determined from the circumstances and other facts of the case by the jury.—*McCormick & Richardson v. Joseph & Anderson,* 77 Ala. 240, and cases cited in the report of this case in book 48 of Alabama Reports Annotated. Hence the lower court properly refused, upon objection by the state, to allow the defendant to testify in his own behalf that he went to the store, where the deceased was, and where the fatal difficulty occurred, for the purpose of making a purchase. His intention or motive in going to the store was a matter of inference for the jury to draw and determine from all the facts and circumstances in evidence, and not from the direct statement of the defendant.—*Holmes v. State,* 136 Ala. 84, 34 South. 180. Otherwise it would be permitted him to make evidence for himself, and that of a kind impossible, in the nature of things, for any other witness to contradict.

Hence the law wisely provides that a person's motives shall be judged from his acts and conduct, upon the theory that every rational being acts from motive, and that his conduct best reveals the motive that directed it. If the act in question is consistent with different motives, then it is always competent to prove facts known to the person, which are reasonably calculated to produce either of the motives contended for.

In this case it was proper, therefore, for the defendant to show, which he did, that he was in the habit of going to this particular store every Saturday night and making purchases, as furnishing evidence for an inference that the same innocent motive led him there on this particular Saturday night. On the other hand, it was competent for the state to show, as it did do, that he made no purchase when he arrived there, and that before he went there he had told deceased that he would see him that night down at this store. What, then, was his purpose in going there was for the jury to say.

Charges 1 and 2, requested by defendant, were properly refused. Besides being otherwise objectionable, each is misleading, calculated to confuse the jury, and make them overlook the fact that the defendant must be free from fault in bringing on the difficulty, in order to avail himself of the right of self-defense.

A charge identical in effect with written charge No. 3 was condemned by our Supreme Court in *Pate v. State,* 150 Ala. 17, 43 South. 343.

Written charge No. 4, refused to defendant, was substantially and almost literally covered in written charges Nos. 8 and 9, given at defendant's request.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.