# Perry *v.* The State.

## *Murder.*

(Decided May 15, 1913.   Rehearing denied June 6, 1913.
62 South. 392.)

1. *Evidence; Explanatory Facts.*—Where defendant testified that the difficulty between he and decedent grew out of a dispute as to whether defendant or decedent should look after the details of a shooting scrape that had previously occurred in the town, and that decedent said that he had been there, and that defendant should not go there, the fact that decedent was a constable was admissible as under section 3328, Code 1907, he was a conservator of the peace.

2. *Witnesses; Examination; Cross.*—Where a witness had testified that about five or six weeks before the fatal difficulty deceased had said to him that he and the accused were at outs, and that sometimes or other the quickest would win, and had been crossed particularly as to when and where decedent made the statement. and as to the friendship existing between witness, defendant and deceased, a further-question on cross "state the facts that led up to the conversation between you and deceased," was objectionable as being too general.

3. *Homicide; Self-Defense.*—Where two persons enter willingly into a difficulty, each seeking to gratify his passion by inflicting

injury on the other, either is guilty of murder if he kills his adversary, and neither may rely on the doctrine of self-defense.

4. *Same; Instructions.*—A charge on self-defense which ignores the necessary element of freedom from fault in bringing on the difficulty, is rightly refused.

5. *Charge of Court.*—The court will not be put in error for refusing instructions which are involved, confusing or misleading.

6. *Same; Misleading; Duty to Request.*—Where a party supposes a charge to be prejudicially misleading, or otherwise misleading, the duty is on such party to request an explanatory instruction.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Otis Perry was convicted of murder in the second degree, and he appeals. Affirmed.

The facts sufficiently appear from the opinion. The following charges were refused the defendant: "(1) In order to justify a homicide on the ground of self-defense, it is not essential that there should be any actual or real danger to the life or person of the party killing; if there be a reasonable appearance of danger to the life of the person killing, or if there be a reasonable appearance of great bodily harm to the person of the party killing caused by the act or demonstration of the party killed, or by words coupled with the acts or demonstrations of the party killed, and if such acts or demonstrations or words connected with such acts or demonstrations produce in the mind of the person slaying a reasonable expectation or fear of death, or great bodily harm to the person of the party slaying, the killing will be justified, if such party acts upon such appearance of danger and under such reasonable expectation or fear, even though it subsequently appears that there was in reality no danger. (2) If the defendant was the recipient of a deadly assault at the hands of Jim Floyd, the deceased, with a deadly weapon, and the assault was open and direct and in perilous proximity to

[Perry v. The State.]

defendant, then defendant was under no duty to retreat, he was not required to retreat, but was justified in standing his ground and slaying his adversary if necessary to protect his life, provided he was then free from fault in bringing on the difficulty and was in imminent danger of losing his life or suffering great bodily harm at the hands of Jim Floyd."

GLENN & DEGRAFFENRIED, for appellant. Counsel discuss the evidence tending to show that deceased was a constable, and insist that it was error, and that injury will be presumed.—*Mitchell v. The State,* 60 Ala. 26; *Ridgell v. The State,* 1 Ala. App. 94. If deceased was a constable his commission was the best evidence.— *Kirkland v. The State,* 141 Ala. 45. The court erred in excluding the question concerning the facts and circumstances leading up to the conversation between the witness and the deceased.—*Pate v. The State,* 94 Ala. 14; *Griffin v. The State,* 90 Ala. 596; *Winslow v. The State,* 76 Ala. 42. The court should have sustained the objection of defendant to the remarks of the solicitor. —*McAdory v. The State,* 62 Ala. 154. The court's oral charge was error.—*Story v. The State,* 71 Ala. 329; *DeArman v. The State,* 71 Ala. 352. The court should have given charge 2 requested by appellant.—*DeArman v. The State, supra.* The court should have given charge 1.—*Twitty v. The State,* 168 Ala. 509.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. A constable is a conservator of the peace.—Sec. 3328, Code 1907, and the admission of evidence as to that fact could work no injury.—Sec. 6264, Code 1907. The doctrine of self-defense could not be asserted in view of the evidence in this case.—*Sanders v. The State,* 134 Ala. 84; *Scales v.*

*The State,* 96 Ala. 75. The question was too general, and the objection properly sustained to it. Counsel discuss other assignments of error, but without further citation of authority.

THOMAS, J.—The defendant was indicted for murder in the first degree and convicted of the second degree with a sentence of 15 years. He was at the time of the commission of the offense a regular policeman in the city of Girard, where the fatal difficulty occurred. The deceased was a bailiff or constable. The state was permitted to prove, over the objection and exception of defendant, that deceased was such an officer.

Assuming that the evidence was immaterial at the time it was offered, we are satisfied from the record that no injury resulted to the defendant from its admission.—Code, § 6264. Besides, the subsequent testimony of defendant made it material, as explanatory of the occasion of the difficulty between himself and deceased, which defendant says grew out of a dispute as to whether he (defendant) should go down the street and look after a shooting scrape which had just occurred in the town; defendant testifying that deceased said that defendant should not go down there, because he (deceased) had already been.—Code, § 3328.

Defendant's witness Conway testified that about five or six weeks before the difficulty in which deceased was killed deceased told him that he (deceased) and defendant "were at outs'' and that "some day the quickest man would win." On cross-examination the solicitor interrogated the witness particularly as to when and where deceased said this, and as to his relationship with or friendship to either of the parties. At the conclusion of this cross-examination, defendant's counsel then asked the witness the following question, "State the

facts and circumstances that led up to this conversation between you and deceased"; to which question the court sustained an objection interposed by the solicitor. The question is entirely too general and far-reaching, opening too broad a field and giving too wide a latitude for answer, to warrant us in saying that the court was in error in declining to permit it. It should have been, to say the least, more specific, to render it unobjectionable.

When two persons enter willingly into a difficulty, neither one for self-protection and neither one under a sudden heat of passion engendered by a blow from the other, but each to gratify his passions by inflicting injury upon the other, neither can invoke the doctrine of self-defense, and either is guilty of murder if he kills his adversary.—*Sanders v. State,* 134 Ala. 84, 32 South. 654; *Scales v. State,* 96 Ala. 75, 11 South. 121. The testimony for the defendant tended to show that deceased went willingly into the difficulty under such circumstances, but that defendant fought only in self-defense; while the testimony for the state tended to show that defendant went willingly into the difficulty under such circumstances, and that deceased fought only in self-defense. If, however, both went willingly into it, under such circumstances for such purpose, and neither one in self-defense, either would be guilty of murder that slew the other. We find nothing improper, therefore, in the statement of the solicitor of this conclusion of law, which the bill of exceptions shows was based upon a proper hypothesis of fact and one which certain phases of the evidence, putting together that of the state and defendant, tended to support.

Several portions of the court's oral charge were excepted to, but we quote below the only portion urged as error in the brief of defendant's counsel, to-wit: "In

addition it was defendant's duty to retreat if he could do so, or unless it reasonably appeared that he could not do so, without increasing his danger." It is true, as urged by appellant's counsel, stated in *De Arman v. State,* 71 Ala. 351, that if the assault was with a deadly weapon, and was open and direct, and in perilous proximity, then the law would not require defendant to retreat. The reason, however, is simply because by retreating under such a state of facts it is clear that he would thereby increase his danger. Whether such facts, or any others, relieving the necessity of retreat, existed in this case or not, was for the jury to say; the evidence being in dispute. The portion of the charge objected to is broad and is so worded as to instruct the jury that, if they found the facts such in any way that the defendant would increase his danger by retreating, then he need not retreat; hence covered the state of facts mentioned as relieving the necessity of retreat, and was therefore free from error. If defendant desired an instruction that the facts mentioned, if believed by the jury to exist in this case, would relieve the necessity to retreat, he should have requested a charge so specifying. It is too clear to need discussion that the other portion of the oral charge excepted to was free from error. It correctly states principles of law so well settled in the jurisprudence of the state as not to require citation of authority to support them. The criticism of it we regard as entirely hypercritical. It is mentioned only in the second brief filed, and not noticed at all in the first.

Charge numbered 1 requested by defendant was properly refused, since it undertook to justify on the ground of self-defense, and ignored the necessary element of freedom from fault in bringing on the difficulty.—*Baker v. State,* 81 Ala. 38, 1 South. 127. It was changed in

[Perry v. The State.]

verbiage to cure the criticism pronounced against a similar charge in *Twitty v. State,* 168 Ala. 63, 67, 53 South. 308. We do not construe that decision, however, as approving the charge if corrected, but merely as declining to give it further consideration, which was not necessary, after finding the defect pointed out.

Without considering other possible defects, it will suffice to say that charge numbered 2 was made faulty by the use of the word "then" in the following clause, "provided the defendant was *then* free from fault in bringing on the difficulty"; that is, after he had been assaulted with a deadly weapon. The law requires that he be free from fault at the commencement of the encounter, and, if not, he is deprived of the right of self-defense in that particular difficulty. It could be revived only by abandoning and retiring in good faith from the difficulty. If before such an abandonment of or retirement from the difficulty, if he brought it on, his adversary assaults him in such a way that he has to kill in order to save his own life, the necessity is held to have been created by his own fault in bringing on the difficulty.

Charges numbered 3 and 4 are involved, confusing, and misleading. The trial court will not be put in error for refusing such charges, as has been so often held.

We have discussed the only errors urged in brief. We find none in the record, but are of opinion the defendant had a fair trial, and the judgment of conviction is therefore affirmed.

Affirmed.