(75 South. 709)

WEST v. STATE. (8 Div. 517.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. INTOXICATING LIQUORS ⟨⟨⟩⟩239(1)—PROSECUTION—INSTRUCTIONS.

In prosecution for violating the prohibition law, an instruction conditioning accused's guilt upon ownership of the whisky in question was properly refused, since if accused sold or otherwise disposed of the liquor to another, he would be guilty whether owning it or not.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331, 333, 341, 347.]

**2. CRIMINAL LAW ⊜807(1)—TRIAL—INSTRUCTIONS.**

An instruction that the jury were to decide the case upon the law given by the court and the evidence from the witnesses and nothing more was properly refused as argumentative.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1805, 1959, 1960.]

**3. CRIMINAL LAW ⊜763, 764(1)—TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY.**

A requested instruction, "You have a right to weigh the evidence, but you have no right to jump to conclusions, except to draw conclusions and deductions from the evidence given you from the stand," was invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1737, 1742, 1743, 1746.]

**4. CRIMINAL LAW ⊜815(9) — TRIAL — INSTRUCTIONS.**

It was proper to refuse an instruction, "If there arises in your mind from the evidence given you from the witness stand in this case, or any part of the evidence which would create in you a reasonable doubt as to defendant's guilt, then you should acquit him," since it pretermitted consideration by the jury of all the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1922, 1986.]

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Paul West was convicted of violating the prohibition law, and he appeals. Affirmed.

The witness Hyde stated that he was town marshal of Guntersville, and at a certain time found five barrels of whisky on the river bank, containing 100 pints each, and that in going to where the whisky was, they met a man who had a pint of whisky branded as was the whisky in the barrel, and that when they found one barrel had been broken open; that West was seen going in that direction on horseback, and that the horse which West was riding was found by him hitched just across the road from where the whisky was found on the river bank, but that West himself was not present. He was asked then if he found a letter down there. When defendant was testifying he was asked by the state if the letter was addressed to him. The following charges were refused to defendant:

(1) You cannot find defendant guilty unless the state has proved beyond all reasonable doubt that the whisky captured belonged to Paul West, and that he had it for illegal purposes.

(2) You are to decide this case upon the law given to you by the court, and the evidence given you from the witnesses, and nothing more.

(3) You have a right to weigh the evidence, but you have no right to jump to conclusions, except to draw conclusions and deductions from the evidence given you from the stand.

(5) If there arises in your mind from the evidence given you from the witness stand in this case, or any part of the evidence which would create in you a reasonable doubt as to defendant's guilt, then you should acquit him.

Rayburn & Wright, of Guntersville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. The several questions asked the witness Hyde, touching the letter found by the officers near the barrels of whisky discovered on the river bank where the defendant's horse was hitched, were merely preliminary to offering the letter as evidence, and in no way affected the guilt or innocence of the defendant, and the court ruled in defendant's favor as to the admissibility of the letter, holding that the letter was not admissible. We have examined the other rulings of the court on questions of evidence, and find nothing that would warrant a reversal of the case or requires discussion.

[1-4] It was a question for the jury, under the evidence, whether the defendant sold or otherwise disposed of liquor to Lingo out of the barrels of liquor that had been opened, and if he did, he would be guilty, whether he owned the liquor or not. This justifies the refusal of charge 1. Charge 2 is argumentative, and was properly refused. Charge 3 was invasive of the province of the jury. Charge 5 pretermits a consideration by the jury of all the evidence, and was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.