(102 So. 58)

## ORR v. STATE.   (6 Div. 397.)

(Court of Appeals of Alabama.   June 3, 1924. Rehearing Denied July 22, 1924.)

1. Homicide ⟨key⟩112(1)—To establish plea of self-defense, accused must be free from fault in bringing on difficulty.

To establish plea of self-defense accused must be entirely free from fault in bringing on difficulty.

2. Homicide ⟨key⟩151(3)—Burden of proving accused was not free from fault in bringing on difficulty is on state.

Burden of proving that accused, pleading self-defense, was not free from fault in bringing on difficulty is on state.

3. Criminal law ⟨key⟩1172(2)—Argumentative instruction defining reasonable doubt held not reversible error.

In prosecution for murder in second degree, charge defining reasonable doubt, while argumentative, was not reversible error.

4. Homicide ⟨key⟩112(1)—One provoking difficulty cannot invoke doctrine of self-defense.

One provoking difficulty, causing necessity to kill another to save his own life, cannot invoke doctrine of self-defense, however great his danger after entering difficulty.

5. Criminal law ⟨key⟩789(9)—Charge as to reasonable doubt held proper.

Charge that, if jury had abiding conviction of truth of charge, they were convinced beyond reasonable doubt, and should convict, was proper.

6. Criminal law ⟨key⟩763, 764(1) — Requested charge that oil can was not deadly weapon held invasive of province of jury.

In prosecution for murder in second degree, requested charge that as matter of law oil can is not a deadly weapon was invasive of province of jury.

7. Homicide ⟨key⟩304—Refusal of charge that if jury was not satisfied beyond reasonable doubt that killing of deceased was not accident, to acquit, held proper.

In prosecution for murder in second degree, instruction to acquit if jury was not sat-

isfied beyond reasonable doubt that killing was not accident was properly refused.

**8. Indictment and information ⬅191(4)—Under indictment for murder in second degree conviction of some offense can be had for accidental killing while making unlawful assault.**

Under indictment for murder in second degree, accused could be convicted of some degree of criminality for death accidentally caused while making unlawful assault.

**9. Homicide ⬅9—Actual intent to kill not necessary to conviction under indictment for murder in second degree.**

In prosecution for murder in second degree, actual intent to kill is not necessary to conviction, if accused was engaged in unlawful act.

**10. Criminal law ⬅763, 764(9) — Requested charges as to malice and as to kind of homicide held invasive of province of jury.**

In prosecution for murder in second degree, where death was caused by blow with oil can, requested charges that use of oil can alone did not show malice, and that he could not be convicted of murder in second degree, or of manslaughter, were invasive of province of jury; evidence being in conflict.

**11. Criminal law ⬅763, 764(7, 24)—Charges to acquit if jury believed evidence or if any juror had reasonable doubt, held invasive of province of jury.**

In prosecution for murder in second degree, requested charges that if jury believed evidence to acquit, and that if any member thereof had reasonable doubt as to whether killing was accidental to acquit, were invasive of province of jury; evidence being in conflict.

**12. Criminal law ⬅815(13) — Requested charge as to conviction of murder in second degree, or manslaughter in first degree, held not predicated on all evidence.**

In prosecution for murder in second degree, requested charge that, if there was reasonable doubt as to whether accused intended to kill deceased he could not be convicted of murder in second degree, or of manslaughter in first degree, was properly refused; not being predicated on consideration of all evidence.

**13. Criminal law ⬅761(8)—Requested charges held to assume that oil can used in killing deceased was not deadly weapon which was question for jury.**

In prosecution for murder in second degree, in which deceased died from blow with oil can, requested charges that law does not presume malice from use of oil can, and that malice cannot be inferred from use of spout of oil can in repelling assault, assumed as fact that oil can was not deadly weapon, which was question for jury.

**14. Homicide ⬅268 — Whether oil can was deadly weapon held jury question.**

In prosecution for murder in second degree, where deceased died from blow with spout of oil can, whether oil can was deadly weapon was jury question.

**15. Criminal law ⬅761(6)—Requested charge assuming death was accidental, and that oil can was not deadly weapon, held bad.**

In prosecution for murder in second degree, in which deceased died from blow with oil can, requested charge assuming death was accidental, and oil can was not deadly weapon, was bad.

**16. Homicide ⬅300(4) — Requested charge that citizen has right to protect himself from illegal assault held argumentative.**

In prosecution for murder in second degree, requested charge that person has right to protect himself from illegal assault, using so much force as is necessary in order to repel such assault, *held* argumentative.

**17. Homicide ⬅300(4)—Requested charge as to whether words could be considered as starting of difficulty held argumentative.**

Requested charge that words not reasonably calculated to produce difficulty are not to be considered as starting it *held* argumentative.

**18. Criminal law ⬅807(1)—Requested charge not to consider whether there had been or would be other violent deaths in county held argumentative.**

In prosecution for murder in second degree, requested charge that jury could not consider whether there had been or would be other deaths by violence in county *held* argumentative.

**19. Criminal law ⬅778(4)—Requested charge as to presumption of innocence of accused in mind of juror held argumentative.**

In prosecution for murder in second degree, requested charge that juror had duty to presume innocence of accused, which presumption should continue until overcome by evidence convincing jury beyond reasonable doubt, and, unless presumption was so removed, to acquit, held argumentative.

**20. Criminal law ⬅342—Accused may not testify to undisclosed motive for doing unlawful act.**

Accused may not testify to undisclosed motive for doing unlawful act.

**21. Criminal law ⬅665(4), 1153(5)—Permitting witness violating rule to testify is discretionary, and ruling not reversed in absence of abuse thereof.**

Where witness violated rule, and remained in courtroom, and in hearing of other witnesses, discretion of allowing him to testify is with trial court, whose decision, in absence of abuse of discretion, will not be reversed.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

John Orr was convicted of manslaughter in the first degree, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Orr, 212 Ala. 187, 102 So. 61.

Defendant was the engineer and deceased the flagman on a passenger train running through Fayette county. When this train

stopped at the station of Bangston a difficulty ensued between these two, which was stopped by bystanders. Following this altercation, it appears, defendant in returning to his engine kicked the cap of deceased and picked up his oil can. Whereupon deceased struck defendant, and defendant struck deceased in or under the eye with the spout of the oil can, from which death resulted on the following day.

On examination of defendant he was asked: "Did you have any idea you would strike him in the eye?" The ruling of the court sustaining the state's objection thereto is reserved as error.

These charges were given at the request of the state:

"1. I charge you that a defendant must be entirely free from fault in bringing on the difficulty, before he can set up the plea of self-defense."

"4. The court charges the jury that a doubt, to justify an acquittal, must be reasonable. It must be an actual and substantial doubt, not a mere possibility or speculation. A reasonable doubt is not a mere possible doubt, because most things relative to human affairs and depending on moral evidence is open to some possible or imaginary doubt.

"5. One who provokes a difficulty, who by his own wrong contributes to a situation out of which arises a necessity to take the life of another to preserve his own, cannot invoke the doctrine of self-defense to justify the homicide he commits in such difficulty; cannot plead a necessity to kill which arose from his own wrong."

"7. The court charges the jury that, even though they should find from the evidence that, at the time the defendant struck Woodall, he (John Orr) was in imminent danger of his life, or of suffering great bodily harm, or that the circumstances attending the difficulty were such as to impress the mind of a reasonable man that the defendant was in actual danger, yet, if they also believe from the evidence beyond a reasonable doubt that the defendant entered into the difficulty willingly, and was not without fault in bringing on the difficulty, then his plea of self-defense must fail."

"9. The court charges the jury that, if, after considering all the evidence in this case, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt, and it would be your duty to convict the defendant."

The following requested charges were refused to defendant:

"B. I charge you that an oil can such as the one used in this case is not as a matter of law a deadly weapon."

"E. If you are not satisfied beyond all reasonable doubt by the evidence in this case that the killing of Woodall was not an accident, you must acquit the defendant."

"1. I charge you that, if the evidence in this case has not been sufficient to convince you beyond all reasonable doubt that defendant had reasonable ground to believe that the use of the oil can, as used by him, would probably produce the death of deceased, you cannot convict the defendant of any offense as charged in the indictment.

"2. You cannot find from the use of the oil can alone that defendant was prompted by malice in its use.

"3. I charge you cannot convict the defendant in this case of murder in the second degree.

"4. I charge you that you cannot convict the defendant in this case of manslaughter in the first degree.

"5. I charge you that you cannot convict defendant in this case of manslaughter in the second degree.

"6. I charge you that, if you have any reasonable doubt in your minds as to whether or not the defendant intended to kill the deceased, you cannot convict him of murder in the second degree nor of manslaughter in the first degree.

"7. I charge you that the law does not presume malice on the part of defendant from the use of an oil can in the manner in which it was used by the defendant in this case."

"10. You cannot infer malice from the use of the spout of engineer's oil can in repelling an assault."

"12. The accidental killing of a human being with an instrument not ordinarily calculated to produce death, is not an offense against the criminal laws of Alabama."

"18. The court charges the jury that if you believe the evidence in this case you will acquit the defendant."

"20. If any member of the jury has in his mind any reasonable doubt as to whether or not the killing of Mr. Woodall was an accident, you must acquit the defendant.

"21. Any citizen has a right to protect himself from an illegal assault, and has the right to use as much force as is necessary in order to repel such assault."

"23. I charge you that words which are not reasonably calculated to produce a difficulty are not to be considered as the starting of a difficulty."

"26. I charge you that in considering the guilt or innocence of this defendant you cannot consider whether or not there has been or will be any other deaths by violence in Fayette county."

"28. It is the duty of a juror to come into the jury box with the presumption that the defendant is innocent. It is his further duty to continue to presume the defendant innocent until the state has offered sufficient trustworthy and reliable evidence to convince the jury beyond all reasonable doubt that innocence is wholly inconsistent with the evidence offered. Unless such presumption has been so removed by evidence in this case you must acquit the defendant."

Black, Harris & Foster, of Birmingham, and S. T. Wright, of Fayette, for appellant.

Defendant is not required as a condition precedent to self-defense to show freedom from fault in bringing on the difficulty. Flake v. State, 2 Ala. App. 134, 56 So. 47; Holmes v. State, 100 Ala. 80, 14 So. 864; Williams v. State, 16 Ala. App. 396, 78 So. 312; McGhee v. State, 178 Ala. 4, 59 So. 573. There must be a criminal intent to take life,

in order to constitute murder or manslaughter in the first degree. Smith v. State, 8 Ala. App. 206, 62 So. 575; Walls v. State, 90 Ala. 618, 8 So. 680; Reynolds v. State, 154 Ala. 14, 45 So. 894; Davis v. State, 68 Ala. 58, 44 Am. Rep. 128; Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575. The discretion of the court in permiting testimony of a witness who has violated the rule is reviewable as for an abuse. Wilson Bros. v. M. & O., 207 Ala. 171, 92 So. 246.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., and Curtis, Pennington & Pou, of Jasper, for the State.

Charges given at the request of the state were correct. Charge 1—Webb v. State, 100 Ala. 47, 14 So. 865; Perry v. State, 94 Ala. 25, 10 So. 650; 1 Mayfield's Dig. 807; Consford v. State, 15 Ala. App. 627, 74 So. 740; Id., 200 Ala. 23, 75 So. 335. Charge 4—Welsh v. State, 96 Ala. 92, 11 So. 450. Charge 5—Oldacre v. State, 196 Ala. 690, 72 So. 303; James v. State, 14 Ala. App. 652, 72 So. 299; Stevens v. State, 16 Ala. App. 116, 75 So. 708. Charge 7—Mathis v. State, 15 Ala. App. 245, 73 So. 122; Owen v. State, 17 Ala. App. 29, 81 So. 365; Watkins v. State, 18 Ala. App. 3, 82 So. 628. Charge 9—Coleman v. State, 59 Ala. 52; Owens v. State, 52 Ala. 400; Prater v. State, 107 Ala. 27, 18 So. 238. Defendant's charges B, 2, 3, 4, 5, 18, and 20 invaded the province of the jury. Winter v. State, 123 Ala. 1, 26 So. 949; Oliver v. State, 17 Ala. 587. Requested charges E and 17 were faulty. Sanders v. State, 105 Ala. 4, 16 So. 935; Tidwell v. State, 70 Ala. 33; Holmes v. State, 88 Ala. 30, 7 So. 193, 16 Am. St. Rep. 17; Johnson v. State, 94 Ala. 35, 10 So. 667. Charge 1 was faulty. Sanders v. State, 105 Ala. 4, 16 So. 935; Fitzgerald v. State, 112 Ala. 34, 20 So. 966. Charge 6 was not predicated on the evidence. Welch v. State, 96 Ala. 92, 11 So. 450; West v. State, 16 Ala. App. 117, 75 So. 709. Charges 7 and 10 were bad. Winter v. State, supra. Charges 21, 23, and 26 are argumentative. 1 Mayfield's Dig. 173. Defendant was properly not allowed to testify to an undisclosed motive. Stewart v. State, 78 Ala. 436; Brown v. State, 7 Ala. App. 26, 61 So. 12. There was no abuse of discretion in permitting examination of a witness who violated the rule. Webb v. State, 100 Ala. 47, 14 So. 865.

SAMFORD, J. [1, 2] Charge 1, requested by the state, asserts a correct legal proposition, the giving of which by the court was not error. Of the three requisites necessary to establish a plea of self-defense, in such sort as that it may generate a reasonable doubt of defendant's guilt, after a consideration of the entire evidence, the first is that the defendant was entirely free from fault in bringing on the difficulty. True, the burden of proving this, that the defendant was not free from fault, is on the state, but that does not affect the rule as stated. 1 Mayfield Dig. p. 807, par. 8; Vaughn v. State, 17 Ala. App. 383, 84 So. 879. Moreover, the charge when given became a part of the court's oral charge, which dealt fully with the law of self-defense.

[3, 4] Charge 4 is palpably an argument, and might have been refused, but is not error to a reversal, and charges 5 and 7, given at the instance of the state, are so clearly the law as not to need discussion.

[5] Charge 9, given at the request of the state, was approved in Prater v. State, 107 Ala. 27, 18 So. 238.

[6] Charge B, requested by the defendant, was invasive of the province of the jury.

[7, 8] Charge E, requested by defendant, was properly refused. If the killing, though an accident, was done while the defendant was making an unlawful assault, he would be guilty of some degree of criminality, and for such could be convicted under this indictment. Sanders v. State, 105 Ala. 4, 16 So. 935.

[9] The vice of charge 1, requested by defendant, lies in the fact that an actual intent to kill is not an essential element necessary to a conviction, if the defendant was at the time engaged in an unlawful act. Sanders v. State, 105 Ala. 4, 16 So. 935; Barnes v. State, 134 Ala. 36, 32 So. 670.

Charge F was covered by given charge 11 and by general charge of the court.

[10, 11] Charges 2, 3, 4, 5, 18, and 20 are invasive of the province of the jury. The evidence was conflicting. West v. State, 16 Ala. App. 117, 75 So. 709.

[12] Charge 6 is not predicated upon a consideration of all the evidence.

[13, 14] Charges 7 and 10 assume as a fact that the oil can, which was the instrument used by defendant in causing the death of deceased, was not a deadly weapon. Under the facts of this case this was a question for the jury. Winter v. State, 123 Ala. 1, 26 So. 949.

[15] Charge 12 assumes the homicide to have been accidental, and that the instrument producing death was not a deadly weapon. The charge was bad. 1 Mayfield Dig. p. 175, § 22.

Charges 15 and 16 are covered by given charge 11.

[16-19] Charges 21, 23, 26, and 28 are palpably arguments.

Charge 24 is so manifestly bad as not to require citation of authority.

[20] That part of the court's oral charge to which exception was reserved, if tending to error, was corrected by the judge by full explanation before the jury retired. It is a rule too well settled to require discussion here that a defendant may not testify to an undisclosed motive for doing an unlawful act. Brown v. State, 7 Ala. App. 26, 61 So. 12.

[21] When a witness has violated the rule, and remained in the court room, and in the hearing of the other witnesses, the discretion of allowing such witness to testify is with the trial court, and in the absence of an abuse of this discretion will not be reversed. Webb v. State, 100 Ala. 47, 14 So. 865.

We find no error in the record, and the judgment is affirmed.

Affirmed.