(108 So. 639)

## EDWARDS v. STATE. (2 Div. 357.)

(Court of Appeals of Alabama. May 11, 1926.)

**1. Criminal law ⬅823(6)—Requested special charge by state on question of self-defense, though incomplete as pretermitting right to use force reasonably necessary to repel assault, held not error, where oral charge stated necessary qualification (Code 1923, § 9509).**

Requested special charge by state not to acquit of assault with intent to murder if defendant was not or did not reasonably believe himself in danger of death or great bodily harm at time of shooting, though incomplete as pretermitting defendant's right to stand his ground and use such force as was reasonably necessary to repel assault, *held* not error, where oral charge, which, under Code 1923, § 9509, is to be considered in connection with other charges, stated the necessary qualifications.

**2. Homicide ⬅114—Charge that defendant, prosecuted for assault with intent to murder, could not be acquitted on ground of self-defense if he fought "willingly," held proper.**

Charge that defendant, prosecuted for assault with intent to murder, could not be acquitted on ground of self-defense if he fought willingly, *held* proper; "willingly" meaning voluntarily, without reluctance, and of one's own free choice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willingly.]

**3. Criminal law ⬅761(9)—Statement by party assaulted setting date of shooting at different time than that testified to by other witnesses, including defendant, which he subsequently corrected, held not to present conflict as to date of difficulty.**

Where all witnesses, including defendant charged with assault with intent to murder, testified that shooting occurred on certain date, statement by party assaulted setting another date, which he subsequently corrected in direct examination, *held* not to present a conflict in evidence as to date of difficulty.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

John D. Edwards was convicted of assault with intent to murder, and he appeals. Affirmed.

Arthur M. Pitts, of Selma, and B. F. Elmore and W. F. Herbert, both of Demopolis, for appellant.

Counsel argue for error in giving charges 1 and 2 for the state, and cite Bigham v. State, 203 Ala. 162, 82 So. 192; Oliver v. State, 17 Ala. 587; Gibson v. State, 8 Ala. App. 56, 62 So. 895; Hubbard v. State, 172 Ala. 374, 55 So. 614; Kirkland v. State, 141 Ala. 45, 37 So. 352; Parker v. State, 153 Ala. 25, 45 So. 248.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

A written charge, given at the request of the state, becomes a part of the oral charge of the court, and is to be considered in connection therewith. Shumate v. State, 19 Ala. App. 340, 97 So. 772; Valentine v. State, 19 Ala. App. 510, 98 So. 483. The court will not be put in error for giving merely misleading charges. Rutledge v. Rowland, 161 Ala. 114, 49 So. 461; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557; Scott v. State, 15 Ala. App. 267, 73 So. 212; Roberson v. State, 183 Ala. 43, 62 So. 837. Charge 2 was given for the state without error. Harbour v. State, 140 Ala. 103, 37 So. 330; Orr v. State, 20 Ala. App. 188, 102 So. 58.

BRICKEN, P. J. The appellate courts of this state have in many instances questioned the propriety of the state requesting special written charges in the trial of criminal cases, and have doubted the wisdom of the giving of such charges by the trial courts. This case presents the contemplated status inferred by the appellate court's position in this connection, for no question of import is involved upon this appeal except the giving of two special written charges requested by the state. It is practically conceded by counsel representing appellant that the court's rulings otherwise were without error.

This appellant was charged by indictment, and convicted, of the offense of assault with intent to murder, and the court sentenced him to serve an indeterminate term of imprisonment of not less than 15 years or more than 20 years in the penitentiary.

As stated, two special charges in writing requested by the state were given, and this action of the court is the basis upon which this appeal is rested.

Charge 1, as taken from the record, is as follows:

"If you are satisfied beyond a reasonable doubt that, at the time the defendant fired any shot, on January 15, 1925, at Heyward Curb, he was not in imminent danger of death or great bodily harm from Heyward Curb, or did not honestly and reasonably believe himself to be in such danger, or could have retreated without increasing his danger, you cannot acquit him on the ground of self-defense."

This charge is not correctly transcribed in brief of counsel.

Charge 2, given at the request of the state, is as follows:

"If you believe beyond a reasonable doubt that the defendant fought willingly, you cannot acquit him on the ground of self-defense."

[1] Charge 1 states correct propositions of law so far as it goes. This charge, however, pretermits the right of defendant to stand his ground and to use such force as was reasonably necessary to repel the assault, even though his only mode of escape

was reasonably apparent to a prudent man that by so doing he would thereby increase his peril. This, however, was cured by the court in its oral charge upon the question of retreat, wherein the court said:

"The law says that a man who is entirely free from fault in bringing on the difficulty may, if in the second place he is in eminent danger of death or grievous bodily harm, real or apparent —that is, if a reasonably prudent man situated as he was would have honestly believed himself to be in danger of death or grievous bodily harm— then he would be considered as being in eminent danger of death or grievous bodily harm, whether really so or not; it means either real danger, or that a reasonably prudent man so situated would have honestly believed that he was in eminent danger of death or grievous bodily harm, then if he was entirely free from fault in bringing on the difficulty, and was in such eminent danger of death or grievous bodily harm, *and had no reasonable mode of escape, could not retreat without increasing his danger, or if it was reasonably so apparent to a reasonable, prudent man,* then he could have exercised and put forth just so much force as was reasonably necessary to repel the assault then being made upon him, if any there was being made upon him. That is the law of self-defense generally."

The statute (Code 1923, § 9509) provides, in effect, that written instructions given by the court are part of the law in the case, and must be taken and considered as such in connection with the oral charge and also other given charges. The charge here given (charge 1) was not positively erroneous, but it was, as stated, incomplete, in that certain qualifications of the law of self-defense relating to retreat were not stated, but the proper qualifications were stated in the oral charge, and in other requested written charges, and the charge, oral and written, as a whole, correctly stated the law on the questions involved. Thus it affirmatively appears from this record that the law governing every phase of this case was fully and fairly stated by the court to the jury; and this is all that the law guarantees, and all that the appellant has the right to expect or demand.

[2] Charge 2 has reference to the defendant having fought willingly. The expression "willingly" has been defined to mean "freely; voluntarily, readily; without reluctance; in the manner of being ready to do an act; of free choice; with one's free choice or consent, as if a man inclines or is favorably disposed to do an act." 40 Cyc. 950. In the case of Orr v. State, 20 Ala. App. 188, 102 So. 58, this court said, in passing upon the charge quoted below (charge 7), given at the instance of the state, "this charge is so clearly the law as not to need discussion." The charge is as follows:

"The court charges the jury that, even though they should find from the evidence that, at the time the defendant struck Woodall, he (John Orr) was in imminent danger of his life, or of suffering great bodily harm, or that the circumstances attending the difficulty were such as to impress the mind of a reasonable man that the defendant was in actual danger, yet, if they also believe from the evidence beyond a reasonable doubt that the defendant entered into the difficulty willingly, and was not without fault in bringing on the difficulty, then his plea of self-defense must fail."

Under the Orr Case, supra, as well as the following authorities, we hold there was no error in giving charge 2. Ex parte John Orr, 212 Ala. 187, 102 So. 61; Harbour v. State, 140 Ala. 103, 37 So. 330; Lewis v. State, 88 Ala. 11 (second headnote), 6 So. 755; Sanders v. State, 134 Ala. 74 (eighth headnote), 32 So. 654; Perry v. State, 8 Ala. App. 7, 62 So. 392.

[3] The insistence of counsel for appellant that there was a conflict in the evidence as to the date of the alleged difficulty between the principals in this case is not borne out by the record. It is true that Curb, the alleged injured party, at the beginning of his testimony, stated: "On the 15th day of April, 1925, the defendant and I met on Washington street," etc. But later on, upon his direct examination, he corrected himself as to the date upon which the alleged difficulty occurred, and stated: "That occurred on the 15th day of January, 1925." All the witnesses who gave evidence in this case, including the defendant, testified that the occurrence complained of happened on the afternoon of January 15, 1925.

We find no reversible error in any of the rulings of the court. The record proper is without error. It follows that the judgment of conviction, from which this appeal was taken, must be affirmed.

Affirmed.